JAMES MALCOLM, PERMANENT TRUSTEE OF HENRY KEENE, *vs.* WASHINGTON HALL, JR.—*December* 1850.

An assignment by a debtor in failing circumstances, of all his property, without restriction, for the benefit of all his creditors, without favor or preference, is good at common law, and can only be questioned when it contravenes the express provisions of the insolvent laws.

If such assignments be executed with a view to give an undue and improper preference when the grantor had no reasonable expectation of being exempted from liability, for or on account of his debts, without applying for the benefit of the insolvent laws, then the law denounces them, and the trustee in insolvency afterwards appointed, may avoid them.

Mere proximity in point of time, between the date of the assignment and the application for the benefit of the insolvent laws, standing alone, without any supporting circumstances, is not to be received as adequate or reliable proof of what the insolvent intended or anticipated at the time of executing the assignment.

A denial in an answer upon oath, that the assignment was made with a view of an application for relief under the insolvent laws, though coming from the grantee and not the insolvent, is sufficient to put the complainant upon his proof.

23 v.9

The policy of the insolvent laws rather favors than discountenances such assignments as are made for the equal and undiscriminating benefit of all the creditors.

APPEAL from the *Court of Chancery*.

This was a bill filed by the appellant, the trustee in insolvency of *Henry Keene*, to avoid an assignment made by the insolvent to the appellee, before his insolvency, as a fraud upon the insolvent laws.

The bill states, that on the 30th of April, 1847, *Keene*, assigned by deed of that date, all his property to the defendant in trust, to be distributed among his creditors. That at the time of making this assignment, *Keene* was insolvent and known to be so by the grantee, and that said conveyance was made in contemplation of insolvency. That on the 7th of May following, he applied for and obtained the benefit of the insolvent laws, and complainant was duly appointed his permanent trustee. That defendant has refused to deliver the property so conveyed to complainant, though requested so to do. The bill then prays for a decree setting aside this assignment as fraudulent, and requiring the property to be delivered to complainant.

The answer of *Hall*, the only defendant, denied that this assignment was made in contemplation of an application for the benefit of the insolvent laws, such application only having been made in consequence of a refusal of complainant as solicitor of one of his creditors, to dispense with special bail in an action against him. He also denied that the assignment was fraudulent and void, within the meaning of the insolvent laws, and states that immediately after the execution thereof, he had called upon the creditors of the insolvent to inform them of it, who assented thereto, and directed him to proceed in the execution of the trust reposed in him by it.

The deed of assignment filed with the bill recites, that, "at the time of executing these presents, the said *Keene* is indebted to divers individuals and firms, in sundry sums of money, which he is unable fully to satisfy and discharge, but is willing

and desirous, so far as lies in his power, to make provisions for all just claims against him, and with that view has determined to execute this instrument.'' It then proceeds to convey all the property of the grantor of every description, to the grantee in trust, to sell the same and apply the proceeds, after deducting a commission of eight *per cent* and expenses attending the execution of the trust, ''to or towards the payment, satisfaction or discharge of all just claims now existing against the said *Keene,* that is to say, ratably or proportionably, if the fund be insufficient to discharge the whole, or to the full payment of all just claims, if the fund be sufficient for the purpose.''

A replication was filed to the answer, and the cause being then submitted, the Chancellor *(Johnson,)* passed a decree dismissing the bill, accompanying which, he delivered an opinion, which is reported in 1*st Md. Chancery Decisions,* 172. The complainant appealed.

The cause was argued before Spence, Magruder, Martin and Frick, J.

By Gwinn for the appellant, and
By Bartol for the appellee.

Frick, J., delivered the opinion of this court.

The case here presented by the complainant, does not entitle him to the relief he claims in a court of equity.

Apart from the insolvent laws of the State, it is not contended that the conveyance from *Keene* to *Hall,* could be successfully impeached. It purports to convey all his property of every description, and without any reservation, to the grantee in trust, for the benefit of *all* his creditors. And without any circumstances of fraud or *mala fides* attached to the transactions, the law rather favors than discourages such a proceeding on the part of an unfortunate debtor. If he surrenders all without any restrictions and conditions, and without favor or preference among his creditors, he has done all that an honest

man can be required to do. He has done what the law would require of him, if the circumstances compelled him to ask for relief under the insolvent laws.

And if the trust created by him, is not designed to embarrass or hinder the lawful action of his creditors, but is a surrender of all he has for prompt and equal distribution among them, and under failing circumstances such as the recital of this deed indicates, we can see no ground to impeach the legality or fairness of the transaction.

On the contrary, assignments of this character have been uniformly declared good at common law, and have had the repeated sanction of this court. And they are only questionable when they contravene the express provisions of the insolvent laws.

If executed with "a view to give an undue and improper preference," when in the language of the act, "the grantor had no reasonable expectation of being exempted from liability or execution for, or on account of his debts, without applying for the benefit of the insolvent laws," then the law denounces, and a trustee afterwards appointed by the insolvent court, may avoid them.

But here there is nothing to sustain this assumption of fraud against the insolvent laws. The case is submitted upon the bill, answer and replication. The bill avers that the grantor owed debts beyond the amount of the property conveyed, and the assignment is alleged to have been "in contemplation of insolvency." If this means in view of an application for relief under the insolvent laws, or rather that he had no reasonable expectation of escaping such application, the answer denies it, and affirms that the conveyance was made for the express purpose of avoiding it, and that all the creditors subsequently assented. This denial upon oath, although from the grantee and not the insolvent, is at least sufficient to put the complainant upon his proof. And when he relies upon the proximity in point of time, between the date of the deed and the day of the application, as evidence to show the *animus* and reasonable expectation of the grantor, that single fact, standing alone with-

out any supporting circumstances, is not to be received as adequate or reliable proof, of what the insolvent intended or anticipated at the time of executing the assignment. And taken with the explanation given in the answer, that the grantor was only afterwards coerced to apply to the insolvent commissioners, by the rigorous conduct of one of his creditors, it discloses no such motive or expectation as would bring this assignment within the provisions of the act. With a conveyance like this, fair upon its face, and just and equal in its provisions, it would require additional and corroborating evidence to justify legal conclusion that it was designed to contravene the provisions of the insolvent laws.

It has been strongly insisted that assignments of this character are against the policy of our insolvent system, and ought to be avoided on that ground. So far as we are at liberty to look to the intent of these laws, the governing policy would seem to favor rather than discountenance such assignments as are made for the equal and undiscriminating benefit of all the creditors. And from the successive and numerous amendments and supplements to the original act, it is manifest, that the legislature meant to leave nothing to construction or inference, in the interpretation of these assignments in favor of creditors. They are either within the terms of the act, or excluded from it; and the only inquiry when such an assignment is litigated, is, whether it is embraced in any of the provisions of the act, which in terms condemn and prohibit it? The conveyance before us, being free from all such objection, the decree of the chancellor is affirmed with costs.

DECREE AFFIRMED.