JACOB LAUPHEIMER *vs.* JOSEPH ROSENBAUM, *et als.*

PLEADING IN EQUITY: EVIDENCE: INJUNCTION.—H. and D., merchants of Baltimore, executed to M., on the 18th of February, 1861, a deed of trust of all their property of every kind, to be sold, and the proceeds applied to the payment of their debts in the manner specified in said deed. M. took possession of the property and converted it into money. On the 11th of August, 1862, some of the creditors filed a bill in the Circuit Court of Baltimore city to set aside said deed of trust, whilst others of said creditors issued attachments and procured them to be laid in the hands of the trustee, M. Pending these proceedings in equity and these attachments a new bill was filed in the same Court, by some of the preferred creditors in said deed of trust against the grantors, the trustee and other creditors, setting forth and exhibiting the deed of trust, alleging the possession of the trust funds by M. "which have remained for sometime in his hands, owing to the other proceedings." These other proceedings in equity and by attachment are then referred to by the names of the complainants and plaintiffs, with a general statement that the object of the equity proceedings was to set aside the deed of trust. The prayer of the bill was that the funds should be brought into Court for distribution, that the questions arising under the former bill and attachments should be litigated under this bill, and for an injunction to stay

further proceedings under the former bill and in the attachment cases. There was no direct allegation that the complainants were creditors of H. and D., and no proofs or vouchers of their claims adduced or exhibited, nor was the bill itself supported by the oath of the complainants.— HELD :

That the complainants have not presented by their allegations, the frame work of their bill and their proofs, a case which could challenge the interference of a Court of Equity.

That "to warrant a Court of Equity in issuing an injunction, strong *prima facie* evidence of the facts on which the complainants' equity rests, must be presented to the Court to induce its action."

That if the existence of the claims of the complainants, or any of them depended upon a written instrument, which they are presumed to have in their possession, it should have been produced and exhibited, or its non-production satisfactorily accounted for.

PLEADING IN EQUITY: EQUITY PRACTICE.—The objects of the bill were alleged to be the prevention of a multiplicity of suits and a waste of the trust fund in unnecessary costs, a speedy settlement of the trust estate, the bringing the fund into Court, and the litigation under it of the questions raised by the former bill, and the attachments.—HELD :

That it does not appear how other suits and the costs attending them could be prevented and saved by proceeding under the second, rather than the first bill, which, by the rules in equity for the admission of new parties, and for controlling the fund for the purposes of the trust, could be adapted to every purpose sought by the second bill, and was the appropriate bill for such purposes.

That the second bill in its frame-work and allegations was wholly inadequate to present, on farther litigation, the questions raised by the first bill and the attachment suits.

That the second bill was defective, in that it did not distinctly allege the purport of the first bill, in not distinctly setting out the parties to that proceeding, and because the first bill is not made an exhibit in the cause.

——: ——: ELECTION OF REMEDIES.—That those of the attaching creditors who were also complainants in the bill in equity, first filed to vacate the deed, would be compelled in equity to elect the suit in which they will proceed.

——: ——: INJUNCTION.—That the proceedings of the other attaching creditors may be enjoined until the determination of the equity proceedings under the first bill, should an injunction be applied for either in that case or in a separate proceeding upon a proper bill filed for the purpose, saving to them the benefit of their liens by the attachment in the event of the deed being finally vacated.

Laupheimer vs. Rosenbaum et als.

APPEAL from the Circuit Court of Baltimore city:

The bill of complaint in this case was filed by the appellees against the appellant, in the Circuit Court of Baltimore city, on the 24th of December, 1863, praying for an injunction to restrain further proceedings under a bill in equity previously filed in the same Court to set aside a deed of trust, as well as certain proceedings by attachment instituted for the purpose of reaching the proceeds of sale of the property conveyed by said deed of trust in the hands of the trustee. The allegations of the bill and facts of the case are fully set forth in the opinion of this Court.

This appeal of Jacob Laupheimer is from an order of said Court, (ALEXANDER, J.,) refusing to dissolve an injunction before issued in the case, and continuing the same until final hearing.

The cause was argued before GOLDSBOROUGH, COCHRAN and WEISEL, J.

*P. McLaughlin*, for the appellant:

The appellant in this cause insists on the following points, viz:

1st. The evidence before the Court was insufficient on which to grant an injunction. There ought to have been filed as an exhibit in this case a copy of the bill filed to set aside the deed. *Union Bank vs. Poultney*, 8 *G. & J.*, 324, 332. *Nusbaum vs. Stein*, 12 *Md. Rep.*, 315, 318, 319, 321. *Mahoney vs. Lazier*, 16 *Md. Rep.*, 69, 73. *Haight vs. O'Connell*, 19 *Md. Rep.*, 130, 135.

2nd. A simple reference to a paper does not make it an exhibit. *Hodson vs. Warrington*, 3 *P. Wms.*, 34, 35. *Equity Draftsman*, 3, 4, 72.

3rd. There is no ground for the allegation in the bill that the injunction would prevent a multiplicity of suits.

The bill ought to show where and how this would be done, and the statements in the bill are insufficient for that purpose. *Townshend vs. Duncan,* 2 *Bland,* 45, 48. *Green vs. Keene,* 4 *Md. Rep.,* 98.

4th. The Court will not restrain a creditor until there is a decree under which he can come in and prove his debts. 2 *Story's Eq.,* 5890. *Rankin vs. Harwood,* 2 *Phillips,* 22. *Ellicott vs. The U. S. Ins. Co.,* 7 *Gill,* 307, 319.

5th. Several creditors' bills may be conducted by different parties for the same purpose, at the same time, and neither can restrain the other before there is a decree. *Rankin vs. Harwood,* 2 *Phillips,* 22. *Hammond vs. Hammond,* 2 *Bland,* 316, 361. *Brooke vs. Gibbons,* 4 *Paige,* 374.

A creditor cannot file a bill after decree on creditors' bill under which he may come in. *Brooke vs. Gibbons,* 4 *Paige,* 374, 376, 377. *Thompson vs. Brown,* 4 *John. Ch. Rep.,* 619, 630, 646, where all previous authorities are carefully reviewed by Chancellor Kent. *Delaney vs. Mansfield,* 1 *Hogan,* 234, 236. Here there were two bills in reference to the same subject matter. *Pechford vs. Hunter,* 5 *Sim.,* 122. In this case the plea of former decree was overruled, because it was not as beneficial as that which might be obtained on the second bill. *Kent vs. Pickering,* 5 *Sim.,* 569. *Levrewey vs. Featherest,* 2 *Merr.,* 479. Motion refused. *Pott vs. Gallini,* 1 *Sim. & Stu.,* 206. Here there was a second decree, because the decree in the first suit was not sufficiently extensive for the purpose. *Ibid,* 232.

6th. Upon the allegations of the bill in this case, the deed of trust could not be set aside. *Lingan vs. Henderson,* 1 *Bland,* 236, 249, 250. *Story's Eq. Pl.,* sec. 27, 28, 257. *Welford's Eq. Pl.,* 54. 1 *Daniel's Ch. Pr.,* 377. *Allen vs. Burke,* 2 *Md. Ch. Dec.,* 534, 538. *Townshend vs. Duncan,* 2 *Bland,* 45, 48.

7th. Any of the parties to a creditor's bill, in case of improper delay by the complainant may be permitted to take

his place and prosecute the suit. 2 *Bland*, 306, 363. 2 *Daniel's Ch. Pr.*, 931. *Story's Eq. Pl.*, sec. 793.

*Wm. A. Fisher*, for the appellees:

1st. The fund having remained unproductive in the hands of the assignee, by reason of the pendency of the suits enjoined, and there being well grounded reason for apprehension that it would be, to a considerable extent, wasted in the costs of conducting so many separate suits, the power of the Court below to act in the premises can be sustained upon several well settled grounds in equity jurisprudence. The fund was clothed with a trust; the interference by injunction prevented a multiplicity of suits, the prevention of which is, of itself, a ground of original jurisdiction; it protected the fund from being wasted in costs. The Court has power to preserve property in dispute pending a litigation, and, having acquired original jurisdiction for this purpose, it will proceed to settle the rights of the parties. The object of the bill was not merely to carry the trusts of the deed, but to settle the rights of all parties to the fund in controversy. 1 *Story's Eq. Jur.*, secs. 64, &c., and 65. 3 *Daniels' Ch. Pl. & Pr.*, 1962, 2010. 2 *Fonbl. Eq., B.*, 6, ch. 3, sec. 6. *Keighler vs. Ward*, 8 *Md. Rep.*, 266.

2nd. The exercise of the jurisdiction of the Court in saving the fund necessarily required that the suit should be enjoined, because it was in the costs of those suits that a part of the waste consisted, and because by those suits judgments of condemnation, and decrees were sought against the assignee, and the Court could not properly compel him to bring in the funds without enjoining the suits.

3rd. There is no hardship upon any one, inasmuch as any priorities acquired by any persons are protected; and the Court was at liberty to compel the assignee to account for the moneys in his hands, whatever might be the fate of the deed.

4th. The appeal is taken from the order refusing to dissolve; but none has been taken from the order discharging Mr. Mathews from the trust, and cancelling his bond. These orders having occurred in a case to which the appellant was a party, the Court exercised a wise discretion in continuing the injunction.

5th. The allegation of the appellant is, that the application to have the fund brought into Court could and should have been made in the case to which he was complainant. To this it is a sufficient answer in this Court, that the judge of the Court below has determined otherwise, and as the bill referred to has not been inserted in the record, it will be presumed that, looking to the nature of that bill, he acted properly. Sufficient appears, however, in the record, to show that the appellees were not parties to that proceeding, and that it was based upon the supposed invalidity of the deed to Mathews; this position is inconsistent with the existence of such relations as to authorize an order to bring the fund into Court, even if the appellees had been parties. *Bridges vs. Woods,* 16 *Md. Rep.,* 101. 3 *Daniel's Ch. Pl. and Pr.,* 2010, 2011.

WEISEL, J., delivered the opinion of this Court.

This appeal is from an order of the Circuit Court of Baltimore city, passed on the 27th of June, 1865, refusing to dissolve an injunction, and continuing it until the final hearing.

It appears that Louis Harrison and Samuel K. Davidson, merchants of Baltimore, executed to R. Stockett Matthews, Esq., on the 18th day of February, 1861, a deed of trust of all their property and effects of every kind to be sold, and the proceeds applied to the payment of their debts, in the manner specified in said deed, which was duly acknowledged, sworn to and recorded. Mr. Matthews accepted the trust, took possession of the property, converted it into money by

sales and collections, and had a large amount in hand for disposal under the deed.

On the 11th day of August, 1862, some of the creditors, viz: Jacob Laupheimer, Adolphus Heilburn, Samuel Moore and William Rogers (the last two trading as Samuel Moore & Company) filed a bill in the Circuit Court of Baltimore city, the object of which was to procure a decree to set aside said deed of trust; whilst others of said creditors, viz: the said Laupheimer, Johnston, Bros. & Co., and Moses Cohen, respectively, issued attachments out of the Superior Court of Baltimore city, and the said Heilburn a similar writ out of the Court of Common Pleas of said city, and procured the same to be laid in the hands of the trustee, Mr. Matthews, in order to reach the property or its proceeds in his hands as garnishee of said debtors, Harrison & Davidson. Pending this bill in equity, and these attachment proceedings at law, the bill in which the injunction was asked and obtained was filed on the 24th day of December, 1863, in said Circuit Court of Baltimore city, the same Court in which the other bill above referred to was pending. This new or second bill was filed by Joseph Rosenbaum and others, some of the preferred creditors in said deed of trust, whose claims were directed to be paid under the third clause thereof, against the grantors, the trustee, and the other creditors, setting forth the deed of trust and its terms, with an exhibit of a copy of it, and the possession of the trust funds by Matthews, "which have remained for some time in his hands owing to the other proceedings." These proceedings are then referred to by the names of the complainants in equity, and the plaintiffs in the attachments, with the date of the filing of the bill, and a general statement of its object in these words: "in which they prayed that the said assignment might be set aside;" averring that they have been pending for more than eighteen months, that the attachments have been continued from term to term without

trial, and that in consequence thereof the settlement of the trust had been delayed and the funds continued unproductive in the hands of the trustee. The bill then claims, with a view to the prevention of a multiplicity of suits, the absorption of the fund in unnecessary costs, and, to obtain a speedy settlement of the trust, to have the fund brought in for distribution under the order of the Court, and the questions raised under the former bill and the attachments litigated in this proceeding, any priorities obtained by them being reserved to them. The bill prays for answers, that Matthews, the trustee, may state the amount of trust money in his hands and his disbursements; that the parties instituting the other proceedings in equity and at law may be injoined from further prosecuting the same, until the determination of this suit; that the trustee may be directed to bring the trust fund into Court for distribution, and for investment pending this proceeding; and for general relief. A subpœna and an injunction were accordingly asked, and the injunction was granted and issued.

The only exhibits with the bill were a copy of the deed of trust and the assignments of two of the preferred claims. The complainants do not allege themselves, except by implication, to be creditors of Harrison and Davidson, and adduce and exhibit no proofs or vouchers of their claims. Although some of the answers (not on oath) admit generally the allegations of the bill, that of Laupheimer does not admit the truth of any of them, and leaves the complainants to the proof of them. In reference to the other and pending proceedings, this answer admits that a bill of complaint of himself and others was filed "attacking said deed," and that the said attachments were issued and laid, and for the purpose as stated; that the purpose of said bill in equity was the "setting aside said deed," and "to have said deed declared void." These expressions are found in different portions of the answer, and it does not appear distinctly who were the

parties defendants to that bill, besides the grantors in the deed of trust. The defendant, Laupheimer, prayed that the injunction granted in the cause might be dissolved and the bill dismissed. This answer was put in on oath. The motion to dissolve having been set down for hearing on bill, answers and exhibits, the Court below, on the 27th of June, 1865, ordered that the injunction should be continued until the final hearing. This appeal was taken from this order. Before this order was passed, however, the trustee was required to bring the money into Court to be invested pending the proceedings. This was done by the appointment of receivers to take charge of the fund and invest it under the Court's orders.

It will thus be seen, that whilst creditors were prosecuting a bill in Chancery to vacate the deed of trust, and others were pursuing the property of the debtor grantors by attachments at law, the present bill was filed to arrest these proceedings on the grounds alleged in it. How far a Court of Equity can interpose to injoin the action of another Court of Equity, or to tie its own hands, as in this case, upon an application of parties who have an acknowledged right to proceed in the race of diligence, to secure their claims, or to subject the debtor's property to their payment by the removal of obstacles which he may fraudulently throw in the way of their recovery, is the subject of inquiry in this case. Have the complainants presented, by their allegations and the frame work of their bill, a case which could challenge the interference of a Court of Equity?

We have carefully examined the bill in the light of the authorities referred to in the argument, and can see no reason why the restraining power of the Court should have been invoked or exercised; certainly, as it respects the former bill in equity, the object of which seems, from these proceedings, to be to set aside the deed of trust, but upon what

grounds does not appear from the present bill and proceedings. Whether the present complainants were entitled to an injunction must appear from the statement of their character as suitors, and of their case and pretensions for equitable relief. They do not distinctly aver themselves to be creditors or otherwise interested, except by reference to the deed of trust, exhibiting no sufficient proofs or evidence of their claims, if creditors they be, or assigning a satisfactory reason for their non-production. "To warrant a Court of Equity in issuing an injunction, strong *prima facie* evidence of the facts on which the complainants' equity rests must be presented to the Court to induce its action," &c. *Union Bank vs. Poultney*, 8 *G. & J.*, 332. *Nusbaum vs. Stein*, 12 *Md. Rep.*, 318, 319. *Mahaney vs. Lazier*, 16 *Md. Rep.*, 73. If the existence of the claims, or any of them, depended upon a written instrument which the complainants are presumed to have in their possession, it should be produced and exhibited, or its non-production satisfactorily accounted for. The oath of a party in such a case as to the existence of the debt is not sufficient. 12 *Md. Rep.*, 319. In this case no such evidence is produced or proffered. The bill itself is without the usual oath by any of the complainants verifying its statements.

The objects of the bill are alleged to be the prevention of a multiplicity of suits, and a waste of the trust fund in unnecessary costs; a speedy settlement of the trust estate; the bringing of the fund into Court; and the litigation under it of the questions raised by the former bill and the attachments.

We do not perceive how other suits, and the costs attending them could be prevented and saved by this proceeding more than by that under the first bill which, by the rules in equity for the admission of new parties and for controlling the fund for the purposes of the trust, could be adapted to every purpose sought by this bill. And as to that feature of

the bill which seeks the litigation and determination under it of the questions raised by the other bill and the attachment suits, we are at a loss to see how they can even be presented under the present bill and its allegations. The purport of the other bill is not distinctly alleged in this. If vague generalities and references cannot take the place of distinct, definite and sufficient averment, then this bill is entirely deficient in this particular. The bill is simply referred to in connection with its date of filing, the Court in which it is pending, and a general statement of its prayer, viz: "that the said assignment might be set aside." The parties to that proceeding are not distinctly set out. A copy of the bill is not made an exhibit in the cause either by filing it with the bill or by such a specific reference and appeal to it, and prayer for regarding it as such, as might substitute its inspection as a record of the same Court for the actual exhibit.

The Court is at sea in discovering from the face of this bill what are the questions raised under the former and to be litigated under this. And the answers to the new bill, if they can be resorted to for aid in the discovery, furnish by their responsive averments no additional light. And this is a very material and important part in the frame-work of the bill, for while it asks to stay a proceeding which it concedes involves questions for litigation, it, as it were, studiously avoids to present those questions, and the facts out of which they arise for the consideration and determination of the Court. This, indeed, could not be expected from parties who are interested in supporting the trust, and keeping from the view of the Court the very questions which they profess to have litigated under their bill. It appears to this Court that the appropriate bill for this purpose is the bill which was injoined, and that under the circumstances, and with the defects of averment of the present bill to arrest the proceedings under the former, would go very far towards an absolute

denial of the aid of the Court to the complainants in that bill in the pursuit of right and justice. As has been said, under that bill, not only the questions raised by it, whatever they are, could be litigated and determined, but under the rules of equity practice new parti. s could be made to that proceeding, not only to expedite its progress, but to subserve and protect all interests, and also for the security or preservation and increase of the fund by investment pending the suit. The Court could, also, by petition in it, restrain any proceeding at law which would disturb the proper disposition of the trust fund until the validity of the deed should be finally passed upon.

A Court of Equity will restrain proceedings at law in many and various cases, and upon a proper bill for the purpose. In this case both Laupheimer and Heilburn were parties complainants to the bill in equity first filed to vacate the deed. They were also attaching creditors. In this position equity would compel them to elect the suit in which they will proceed. 2 *Story's Eq. J.*, sec. 889. And with regard to the other attaching creditors, we are of opinion that their proceedings can be injoined until the determination of the equity proceeding under the first bill, should an injunction be applied for either in that case or in a separate proceeding upon a proper bill for the purpose, saving to them the benefit of their liens by the attachment in the event of the deed being finally vacated.

We think the present bill did not by its averments or proofs present a case for an injunction against the parties to the former proceedings both in equity and law, and that the injunction granted ought to have been dissolved, and we will so decree.

The bill, however, has acomplished another ancillary purpose, that of the appointment of receivers and the investment of the fund pending the proceedings. There has been no appeal from the orders for this purpose, and the bill should

be retained for the preservation and control of the fund and
its proper application after the questions under the first bill
shall have been finally disposed of, or it can be consolidated
with the other proceedings in equity.

We will, therefore, reverse the order of the Court below
continuing the injunction until the final hearing, and order
the said injunction to be dissolved with costs in this Court to
the appellant.

> *Order reversed and injunction*
> *dissolved and cause remanded.*

(Decided June 28th, 1866.)