EDWARD LYNCH, DENTON GEHR, ELIAS O. GRIMES, and others *vs.* CHARLES B. ROBERTS, Trustee in Insolvency of ELIJAH WAGONER.

*Construction of Art.* 48, *secs.* 7 *and* 10, *of the Code—Deed Fraudulent as to Creditors—Rights of Trustee in Insolvency and of Attaching Creditors—Injunction.*

Under Art. 48, sec. 7, of the Code, property conveyed by deed from a debtor to a trustee, professedly for the benefit of his creditors, (which deed, in proceedings instituted by an attaching creditor, was found to be fraudulent,) does not vest in the grantee, but in the insolvent trustee, the debtor having sometime after the execution of the deed applied for the benefit of the Insolvent Law; and if any of the property conveyed by the deed has been disposed of by the grantee, and put beyond the control of the insolvent trustee, the proceeds must take its place, and rightfully belong to the insolvent trustee for distribution, according to law and the principles of equity under order of Court. The credits or proceeds of the property so conveyed, which have been condemned by judgments in attachments on original process, laid in the grantee's hands, entered after the execution of the deed, but before the appointment of the insolvent trustee, or to condemn which any proceedings in attachment are pending, of right belonging to the insolvent trustee, injunction was properly granted, restraining further proceedings upon the judgments of condemnation or pending attachments, in order that all questions of priority and lien might be determined according to the principles established

by Art. 48, sec. 10, of the Code; and whatever rights attaching creditors might have acquired, the Court would protect in the distribution of the estate.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court. The case of *Main and McKellip, Garn. vs. Lynch* referred to in the opinion, is reported in 54 *Md.,* 658.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, ROBINSON, IRVING, RITCHIE and MAGRUDER, J.

*William P. Maulsby,* for the appellants.

*Charles B. Roberts* and *John Smith,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The only question raised by this appeal, is whether upon the case presented by the bill of complaint, the Court below erred in granting the injunction prayed for. The appeal is from the order of the Circuit Court for Carroll County, dated 26th of November, 1880, granting an injunction staying further proceedings in certain actions at law.

The bill charges, that on the seventh day of October, 1878, Elijah Wagoner and his wife executed a deed to Martin L. Main and William A. McKellip, trustees, professedly for the benefit of Elijah Wagoner's creditors; that the trustees accepted the trust and sold large portions of the property conveyed to them by the deed, and received the proceeds amounting to several thousands of dollars; that this deed of trust was made for the purpose of, and as the instrument of defrauding the creditors of Elijah Wagoner, the grantor, and was therefore void. It also charges, that, on the twenty-sixth day of May, 1879,

the same Elijah Wagoner applied for the benefit of the insolvent laws, and that the complainant was appointed trustee, and gave the required bond which was duly approved. It further avers, that after the execution of the deed of trust to McKellip and Main, and before the appointment and qualification of the complainant as trustee in insolvency, Edward Lynch and sundry other persons especially named brought their several attachment suits. against Elijah Wagoner, on original process, and caused the same to be laid in the hands of Martin L. Main and William A. McKellip, trustees, as garnishees of Elijah Wagoner, so as to embrace property mentioned in the deed to Main and McKellip, and its proceeds, and also property not embraced therein; that on the trial of *Lynch's Case*,. which was brought on the 19th of October, 1878, the deed of trust to Main and McKellip, was by the verdict of a. jury in the Circuit Court for Carroll County, rendered on the twenty-third of May, 1879, declared and adjudged to be invalid and fraudulent as to the plaintiff, Edward Lynch, and judgment of condemnation was entered in favor of Lynch for the sum of $530.21, " with interest from date and costs," which judgment was on appeal to the Court of Appeals, affirmed; that thereafter similar judgments were entered in other cases, specially designated, and some attachments are still pending. The complainant claims, that by virtue of his appointment and qualification as trustee of Elijah Wagoner in the insolvent proceedings, he is entitled to all the property conveyed by Elijah Wagoner and wife to Main and McKellip; and to all the proceeds of any of the property so conveyed, which was sold by them in the execution of the trust attempted to be conferred on them; and that he is entitled to have this deed to Main and McKellip set aside and declared void; and that he is entitled to have all the property and the proceeds thereof come into his hands and be distributed ratably among the creditors, having

due regard to any priorities or liens which may have been acquired. Injunction is prayed against the several attaching creditors ; both those who procured judgments of condemnation and such as have cases undetermined. The injunction was granted, and hence this appeal.

Looking to the bill and its exhibits and to them alone, as we must for the purposes of this decision, we see no error in the action of the Court awarding the injunction. It alleges that, the deed of trust to Martin L. Main and William A. McKellip, was executed expressly for the purpose, and as the instrument of defrauding the creditors of Elijah Wagoner ; and, that such was its object and purpose had been duly found by a jury, in the attachment suit of Edward Lynch on the law side of the Circuit Court for Carroll County. In this proceeding the insolvent trustee asserts its fraudulent character as against all the creditors of Elijah Wagoner, and representing the creditors, as he does, for the purpose of such inquiry and determination, asks that the deed may be declared void by a decree of a Court of equity. *Waters vs. Dashiell,* 1 *Md.,* 472 ; *Gardner vs. Lewis,* 7 *Gill,* 397.

The seventh section of Article 48 of the Code declares all conveyances in fraud of the rights of creditors to be void, and that the property or thing conveyed by such deed shall vest in the insolvent trustee ; and because this deed professed to be a deed for the benefit of creditors, and in trust for them, it is not protected from impeachment, and decree declaring it void, if its object was in fact, as alleged, fraud upon and hindrance of the creditors. By the express language of the Statute, the property conveyed by a fraudulent deed shall vest, not in its grantee, but in the insolvent trustee. So that if the deed to Main and McKellip was such as the bill charges it to be, no title ever vested in them; and if any of the property has been disposed of by them and put beyond the control of the insolvent trustee, the complainant, the pro-

Lynch, *et al. vs.* Roberts, Trustee.

ceeds thereof must take its place and rightfully belong to the insolvent trustee for distribution according to law, and the principles of equity, under the order of the Court having jurisdiction of the case. The credits, or proceeds of the property so conveyed, which have been condemned by judgment already entered, or to condemn which. any proceedings are still pending, of right belonging to the insolvent trustee, injunction was properly granted, restraining further proceedings upon the judgments or pending attachments; in order that all questions of priority and lien may be determined according to the principles established by the tenth section of Article 48 of the Code. Whatever rights these several attaching creditors have acquired, the Court will protect in the distribution of the estate. We cannot decide them now, the only question being, was the injunction properly allowed.

In *Laupheimer vs. Rosenbaum, et al.,* 25 *Md.,* 219, it is distinctly held by this Court, that attaching creditors may be enjoined pending proceedings to vacate the deed, saving their rights in respect to any lien acquired by the attachment proceedings, " in the event of the deed being finally vacated." The order granting the injunction will be affirmed without prejudice to any claim the several attaching creditors may have of lien acquired by their attachments.

*Order affirmed, and*
*cause remanded.*

(Decided 1st July, 1881.)