JOHN T. ENSOR, Permanent Trustee of JOHN MORROW, JR. *vs.* WILLIAM S. KEECH, and HENRY H. GORE.

*Bill to set aside a Deed as void under sec. 7, of Art. 48, of the Code—Mortgage—Mortgagor in Insolvency—Trustee of Insolvent—Conventional Trustee—Equity of Redemption.*

In a bill brought to set aside a deed as void under section 7, of Article 48, of the Code, it is necessary to charge that the deed was executed for the purpose of defrauding the creditors of the grantor, or giving an undue preference, and the omission to so charge will be fatal on demurrer.

As a general rule, where a mortgagor goes into insolvency, and a trustee is appointed for him, such trustee will supersede a conventional trustee named in a mortgage of the insolvent debtor to make sale of the property mortgaged, in case of default, and is the proper person, as representing all creditors, to sell to the exclusion of the conventional trustee. It is the equity of redemption that passes to the trustee in insolvency; but where he does not apparently take the equity of redemption, and may or may not succeed in a suit asserting title to it, he ought not to supersede the conventional trustee who can proceed without delay and who must proceed to sell in the end, if the trustee in insolvency fail in his suit.

APPEAL from the Circuit Court for Baltimore County, in Equity.

Ensor *vs.* Keech and Gore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, and IRVING, J., and STONE, MILLER, and RITCHIE, J., participated in the decision.

*William S. Bryan, Jr.,* for the appellant.

\* *Edward N. Rich, William S. Keech,* and *John I. Yellott,* for the appellees.

IRVING, J., delivered the opinion of the Court.

On the fourteenth day of December, 1880, John Morrow, Jr., executed a mortgage to Henry H. Gore *to* secure the sum of five hundred dollars, and the annual interest thereon for three years, at the expiration of which the whole would be payable. The mortgage contained a power of sale, upon default, by which either the mortgagee or William S. Keech was authorized to sell the property, (upon notice which was prescribed in the deed,) and to apply the proceeds, after paying costs and commissions, to the payment of the mortgage debt and accrued interest, and the surplus to pay to the mortgagor.

On the 4th of December, 1883, the mortgagor conveyed the mortgaged property to Thomas G. Morrow, in trust to pay the interest on the Gore mortgage and another mortgage which was specified, and when due to pay them off; and then in trust for the grantor's sons, who were minors, during minority; and when of age to convey to them. In January eighteen hundred and eighty-five, John Morrow, Jr., filed his petition under the insolvent law, and the appellant was appointed his permanent trustee. On the 21st of April following, Wm. S. Keech, the trustee in the Gore mortgage to make sale of the mortgaged

\* Messrs. Keech and Yellott, were not present at the argument.

property in case of default, advertised the property for sale to pay the mortgage debt, and Ensor, (the permanent trustee in insolvency, for John Morrow, Jr.) filed his bill to restrain Keech from proceeding with his sale, alleging the trust deed to be fraudulent and void as against creditors, and asking for a decree to set the same aside. The bill makes the grantor and grantee of the deed, the *cestuis que trust* under it, and Gore and Keech, all, parties.

The appellees demurred to the bill; and the Court sustained the demurrer, and dismissed the bill as to them. It is from that decree of the Circuit Court this appeal was taken.

The allegation of fraud is in these words, that the complainant "is advised and so charges, that the aforesaid deed is fraudulent and void as against the creditors of John Morrow, Jr., who were such at the time of the execution of the said deed; that he was then insolvent, and his then existing creditors are unpaid."

The seventh section of Article 48, of the Code declares, that "any confession of judgment, and any assignment or conveyance, made by any insolvent under this Article, for the purpose of defrauding his creditors or giving an undue preference, shall be void, and the property or thing conveyed or assigned shall vest in the trustee."

It is this section of the Code by which this bill must be tested, for the 13th section of the Act of 1880, ch. 172, does not apply, this insolvent not being alleged to be "a banker, broker, merchant, manufacturer or trader," for which persons only this section was enacted, and also that this deed was executed "within sixty days" of the grantor's application for the benefit of the insolvent laws. In fact it was executed more than a year prior to his application. It is only such deed as is executed with the purpose of defrauding or giving an undue preference, that the seventh section of Article 48, condemns and makes void. The omission therefore to charge, that this

deed was executed with the design of defrauding credi-
tors, or giving an undue preference was of itself suffi-
cient ground for sustaining the demurrer. *Malcom vs.
Hall*, 9 *Gill*, 180 ; *Lynch vs. Roberts*, 57 *Md.*, 150. But
the Court went further, and dismissed the bill against
Gore and Keech, without giving any opportunity to
amend, and the question remains, was this action right?
No opinion has been sent up in the record ; but the Court's
action indicates, that, in its opinion, no amendment in the
particular indicated would so perfect the bill, as to make
a case for injunction as against Gore, the mortgagee, and
Keech, the trustee, in the mortgage deed to make the
sale, and who was proceeding under the power ; and we
are of the same opinion. There can be no doubt, that
the case of *Mackubin vs. Boarman*, 54 *Md.*, 384, does
establish as a general rule, that where a mortgagor goes
into insolvency and a trustee is appointed for him, such
trustee will supersede a conventional trustee, who is
named in a mortgage of the insolvent debtor, to make
sale of the property mortgaged in case of default, and is
the proper person, as representing all creditors, to sell,
to the exclusion of the conventional trustee. For cases
falling within the exact condition of things existing in
that case, the rule there laid down will control ; but it
does not establish a rule of invariable application irre-
spective of the circumstances surrounding the case. In
*Gable & Rusk vs. Scott*, 56 *Md.*, 185, it is declared to be
a rule applying to overdue mortgages only ; and that case
expressly decides, that the equity of redemption is what
passes to the trustee in insolvency. The fee is certainly
not divested by operation of law from the mortgagee—
that is his security. The rule presupposes, that the
insolvent debtor's possession continued undisturbed, and
the equity of redemption remained in him to pass to the
trustee ; and that, as the mortgagee will not be injured,
the trustee for creditors generally should sell and pay the

mortgagee as a preferred debt, (as the debtor might have done,) and distribute according to the principles of equity which the statute declares shall be applied. Where the mortgage debt is not due under the decision in *Gable & Scott's Case,* the insolvent trustee will only be allowed to sell the equity of redemption, and may not sell the property disencumbered of the mortgage and force the purchaser to take his money which he has invested for a longer period. In this case, it is true, the mortgage has matured, but there are other facts, which, in our opinion, take it out of the operation and reason of the case of *Mackubin* and *Boarman. There* the equity of redemption without doubt passed to the insolvent trustee. *Here prima facie* it did not. After executing the Gore mortgage the grantor conveyed absolutely this mortgage property and other property, to Thomas G. Morrow, in trust to pay this and another mortgage, and then in trust for the grantor's sons. *Prima facie* this deed is good and valid. It does not profess to convey away all the grantor's property, nor is it charged, that it does.

It was made more than a year before the grantor took the benefit of the insolvent law. If it was not fraudulent, appellant took no interest in the property, as the equity of redemption had legally passed out of his insolvent. Gore's right is paramount to the trust deed, and he has no interest in having it declared void. The appellant represents the creditors, and has exercised a legitimate right in filing the bill to have this deed declared void because it is fraudulent, as he alleges, against creditors of the grantor existing before and when the deed was executed. If he were to amend his bill and make his allegation of fraud conform to the requirements of the statute, still success in the effort to get the deed set aside is uncertain and problematical. It would seem, therefore, altogether inconsistent with the rights of the mortgagee Gore, under his contract with the mortgagor, and with sound equitable

principles, to prevent Gore from having his money made by a sale under the power in his mortgage; and compel him to wait until the insolvent trustee can have his suit pressed to a conclusion, and have it decided whether he has any title or not. Where the insolvent's title to the equity of redemption undeniably exists, and the insolvent trustee can proceed immediately to sell, the mortgagee suffers no damage; for he can be paid off, at once, under the Court's order, as a preference creditor. But where the insolvent trustee does not apparently take the equity of redemption, and may or may not succeed in a suit asserting title to it, he ought not to supersede the conventional trustee who can proceed without delay; and who must proceed to sell in the end, if complainant fails in his suit. If he succeeds he can take the surplus representing the equity of redemption, which the equity Court on application would award him. The character of the suit promises delay for an indefinite period, and it would be a violation of Gore's equitable rights for the collection of his money to delay him, entitled as he is, by special and legally authorized contract, to speedy payment and the exercise of summary method for the purpose of securing such payment by a sale for cash, and to force him to wait indefinitely the result of experimental litigation to test whether the insolvent trustee does, or does not, have a claim on the property mortgaged. In our view the demurrer was properly sustained, and the bill was rightly dismissed as to the appellees. As to the defendants against whom the bill was retained, amendment may be made, and if the suit be successful the insolvent trustee will be entitled to the surplus after paying the Gore mortgage as heretofore indicated.

*Affirmed and remanded.*

(Decided 10th December, 1885.)