(Decided 16th March, 1887.)

## JOHN THORNE *vs.* MOSES FOX.

*Appeal—Act of 1886, ch. 184, relating to Pleadings and Practice in the Courts of Baltimore City—Practice in the Court of Appeals—Bill of Exception—Intendments in favor of a Verdict and Judgment—Practice—Exception.*

In an action against partners on a partnership note brought in the City of Baltimore under the Act of 1886, ch. 184, where the plaintiff's cause of action verified by affidavit is filed with the declaration, no appeal will lie from the refusal of the Court below to allow one of the defendants, after the time allowed for pleading to the declaration has elapsed, to file an amended plea denying the existence of the partnership, and the authority of his co-defendant to bind him by the note sued on.

Where the defendant had filed in proper time pleas verified by affidavit, but which did not deny the existence of the partnership nor the genuineness of the note sued on, it would be error to allow him at the trial to introduce evidence to the effect that no partnership existed as charged in the declaration.

Where the fact of the exclusion of such evidence is certified, in the only exception taken, as part of the history of the case and trial,

preceding the application to amend the pleas, but no exception is certified to that ruling or to any other ruling but the refusal of leave to amend, the propriety of such exclusion of evidence cannot be questioned on appeal.

The bill of exception can be resorted to for no other purpose than to judge of the questions presented by it for review.

Where the record certifies a verdict for a specified amount, and that judgment was entered on the verdict, this is all that can be looked at by this Court, so far as the appeal is to be regarded as a simple appeal from the judgment.

All intendments will be made to support such verdict and judgment, and this Court must and will presume that there was sufficient evidence upon which the verdict was based which formed the ground for the judgment entered.

Where the question which the appellant seeks to raise is a supposed error in the conduct of the trial in allowing judgment to go without sufficient evidence, or without any evidence, the point should have been made in the Court below and exception taken, to justify its consideration on appeal.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Albert Ritchie,* for the appellant.

*Samuel J. Harman,* and *John P. Poe,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellee sued the appellant, and one George Kinnier, copartners, trading as George Kinnier & Co., upon a promissory note, at four months, for the sum of twenty-one hundred and two dollars and seventy cents, with in-

terest. The note was drawn payable to the order of the appellee, and was signed " George Kinnier, Jr. & Co." The action was brought in the Superior Court of Baltimore City, on the seventh day of May, 1886, under the Act of 1886, chapter 184, by filing a declaration with affidavit and cause of action appended. The affidavit accompanying the declaration is as follows: " State of Maryland, City of Baltimore, Sct: I hereby certify, that on this seventh day of May, 1886, before me the subscriber, a justice of the peace of said State in and for the city aforesaid, personally appeared Moses Fox and made oath in due form of law, on the five books of Moses, he being an Israelite, that there is justly owing by George Kinnier and John Thorne, copartners, trading as George Kinnier & Co., the defendants, in said cause, to the plaintiff in the annexed promissory note (the cause of action in said cause,) the sum of two thousand, one hundred and two dollars and seventy cents, (with interest from the fifteenth day of January, 1883,) over and above all discounts, to the best of his knowledge and belief." This was signed by Wm. S. Gorton, J. P.

The defendants appeared by different counsel, and pleaded separately. John Thorne, the appellant in this case, pleaded " that he was never indebted as alleged;" and "that he did not promise as alleged." This plea was filed on the 13th day of May, 1886, and was accompanied with affidavit that the plea was true, and that the affiant believed that at the trial he would be able to produce evidence to support the plea—and that he was advised by counsel to file the plea.—To that plea was appended the certificate of counsel that he advised the filing of the plea.

The other defendant pleaded a like plea, but in his affidavit disputed only $155 of the plaintiff's claim, and admitted $1947.70 thereof to be due and owing, and judgment was entered against George Kinnier for the amount

admitted in his plea to be due, viz., for $1947.70, as the statute allows to be done.

The issue joined by the plaintiff and Thorne was submitted to the Court without the intervention of a jury. The Court rendered a verdict for nineteen hundred and forty-seven dollars and seventy cents; and rendered judgment therefor. From that judgment appeal was taken.

At the trial but one bill of exceptions was taken. It in substance states, that the plaintiff submitted his case "without the introduction of any testimony, upon what he claimed to be the presumption in his favor, created by the actual condition of the pleadings. The defendant then offered to prove by witnesses produced in Court, that no partnership had ever existed between the defendants, John Thorne and George Kinnier, but the Court refused to allow the introduction of evidence; whereupon the defendant moved in writing to amend his pleas, and presented certain amended pleas to be filed."

The amended pleas denied the partnership alleged in the declaration, and averred that Kinnier had no authority to bind the defendant Thorne. The motion offered to accompany the pleas with an affidavit, and the amended and additional pleas as tendered were verified with affidavit, and accompanied with certificate of counsel, that he had advised the filing of such pleas. The Court overruled the motion and refused to permit the amended pleas to be filed, and the exception states "whereupon the defendant excepted to the refusal of the Court to allow the amendment and prayed the Court to sign and seal this bill of exceptions."

It thus appears that the sole exception before the Court is to the refusal of the Court to allow an amendment of the pleadings. The appellant, while conceding that amendment of the pleadings ordinarily is a matter of discretion, and the Court's action on such application affords no ground for appeal, contends that in this case it was a

Thorne *vs.* Fox.

tender of an additional plea and comes within the decision of *Shulze vs. Fox,* 53 *Md.,* 37, where the Court allowed an additional plea to be filed. This case of *Shulze vs. Fox,* however, we think, has no analogy to this case, to sustain appellant's contention. In that case the *plaintiff* was allowed to amend his declaration, which, when amended during the trial, left the defendant at liberty to plead to it, as no plea had ever been interposed to the declaration as amended. The Court therefore in refusing the permission to file pleas to the amended declaration was denying him a right to which by law, he was entitled *as of right,* and the Court had no discretion in the premises; and so this Court held. The present case falls within the principle and reasoning of the Court in *Knickerbocker Life Insurance Co. of New York vs. Hoeske,* 32 *Md.,* 324. That case had been brought under the Act of 1864, chapter 6. The defendant had interposed pleas without *sufficient* affidavit, as provided by the statute, to prevent the plaintiff's right to judgment by default for the want of such verified plea. The defendant asked leave to amend, but was denied the privilege. This Court decided that as the Act of 1864, entitled the plaintiff to judgment by default for want of a *sufficiently verified* plea, it was his right, as matter of law, to have such judgment on demand for it; and when asked for, it was too late for the defendant to plead ; and that to allow it would defeat the whole purpose of the Act of 1864. The positive right which the Act secured the plaintiff in such a situation, could not be denied him, and the Court in such case had no discretion about the proffered amendment, which if allowed, would have effectually defeated plaintiff's right. The Act of 1886, chapter 184, under which this suit was brought and the question here presented arises, is an amendment of the Act of 1864, chapter 6. In section 170, after making provision for judgment by default in case the declaration accompanied with affidavit was not

met by the defendant with a good plea under oath within a specified time, it further provides: "And if the co-partnership or incorporation of any of the parties to the suit shall be alleged in the declaration, and the affidavit to be filed therewith as hereinafter provided, or if there shall be filed with the declaration in said cause any paper, purporting to be signed by any defendant therein, the fact of such alleged copartnership or incorporation, and the genuineness of the signature shall be deemed to be admitted for the purposes of the cause, unless the said affidavit shall further state, that the affiant knows or has good reason to believe such allegation of copartnership or incorporation to be untrue, or that such signature was not written by or by the authority of the person whose signature it purports to be."

The plaintiff by his declaration had averred the indebtedness of the appellant and George Kinnier, copartners, trading as "George Kinnier & Company" upon the note, set out in the declaration and annexed to it, and had filed with the declaration an affidavit in the words hereinbefore recited. That this affidavit was such a compliance with the Act of 1886, as would entitle the plaintiff to claim the benefit, at the trial, of such presumptions as that law gave him, if the partnership was not denied on oath, and the signature to the note was not declared on oath to be not genuine, or that the note was executed without authority to bind the defendant, cannot be doubted; and the contention that it is not sufficient cannot be sustained. The *narr.* charges the partnership in the ordinary way, and the only way in general use; and the affidavit avers that there is justly due and owing by *George Kinnier* and *John Thorne, copartners, trading as George Kinnier & Company*, the defendants in said case to the plaintiff on the annexed promissory note, (the cause of action in said cause) the sum of," &c. Each of the partners are named, and they are averred to be trading as copartners by a partnership

name. · Why this is not a sufficient averment on oath of the
existence of such partnership, we cannot perceive. It seems
to us to meet the requirements of the Act. The defend-
ant, Thorne, had tendered pleas, as has been heretofore
seen, with affidavit, which did not, in terms, as the Act
provides, deny the existence of the partnership; nor the
genuineness of the note. Because of that omission, the
plaintiff contended he was entitled to have the partnership
and the genuineness of the note regarded as facts, con-
clusively established by the presumption in his favor, which
the Act declared should exist under such circumstances.
Prior to this law all defences were open, under the gene-
ral issue, which showed the plaintiff was not entitled to
recover. *Herrick & Burnside vs. Swomley,* 56 *Md.,* 439.
This Act was manifestly intended to require of the defend-
ant denial of those two facts on oath to justify contest
over them. If not denied on oath, at the time of filing
the pleas, as the Act provides, those facts are to be re-
garded as admitted for the purposes of the cause, at any
stage of it; whether it goes to judgment by default, or
proceeds to trial on other issues joined. Here pleas were
interposed which involved a trial, and, as we have already
stated, the defendant could prove under the general issue
any thing else which showed he did not owe the money
sued for, except those two facts which under the plead-
ings were to be regarded as admitted.

The fact of the exclusion of evidence to the effect, that
no partnership existed as charged in the declaration, is
certified in the exception as part of the history of the
case, and trial, preceding the application to amend pleas;
but no exception is certified to that ruling, or to any ruling,
but the refusal of leave to amend. That question there-
fore is not properly presented; but of course if the part-
nership and the genuineness of the note could not be
denied, by reason of the presumption the law gave the
plaintiff in that regard, there could have been no error

in that ruling; for to have ruled otherwise would have allowed evidence to contradict what the law said was to be regarded, for "the purposes of the case," as conclusively admitted. But the appellant contends, that he has appealed from the judgment rendered in the cause, which appears by the bill of exception to have been rendered without evidence; and that he is entitled to a reversal on that ground. The bill of exceptions can be resorted to for no other purpose than to judge of the questions presented by the bill of exceptions *for review.* The bill of exceptions is no part of the record proper, to which resort is had, on an inquiry presented by a demurrer, or a motion in arrest, or such motions and rulings as are found in *Cushwa vs. Cushwa,* 9 *Gill,* 180, and *Newcomer vs. Keedy,* 9 *Gill,* 196, (*Brantly's Edition.*)˙ The record proper certifies a verdict for $1947.70, and that judgment was entered on that verdict. That is all we can look at so far as the appeal is to be regarded, as a simple *appeal from the judgment.* All intendments will be made to support such verdict and judgment; and this Court must and will presume there was evidence upon which the verdict was based, which formed the ground for the judgment entered. The reason why section 12, of Article 5 of the Code, (which comes from the Act of 1825, ch. 117,) does not apply to demurrers, or motions in arrest, is distinctly stated in *Cushwa vs. Cushwa,* 9 *Gill,* 180, to be because in such case the whole *record* is resorted to and examined to arrive at the ground of objection. The question which the appellant seeks to raise, is not one dependent upon the state of the pleadings or record, which can be decided thereon as a demurrer or motion in arrest, but rests upon a supposed error in the conduct of the trial in allowing judgment to go without sufficient, or, as appellant puts it, any evidence. If that was intended to be relied on here, on this appeal, the point should have been made in the Court below, and exception taken to justify our considering it on

Thorne *vs.* Fox.

this appeal. As it is presented we are restrained by the statute from considering it.

In the application for leave to amend in this case no cause was shown why the Court should grant the application. It seemed to be asked for as a matter of right. In *Shulze vs. Fox,* and *Newcomer vs. Keedy,* a state of facts existed which entitled the party to plead ; and in the latter case, though *apparently in default* according to the entry " *of filing* " on the *narr.,* he did not so appear by any entry on *the docket,* and the Court held the defendant not to be in default. If any good ground existed for the Court's interference it should have been presented, under the concluding sentence of section 170 of the Act, we have construed in other respects ; which allows the Court " for good cause shown to extend the time for filing such pleas and affidavits," at any time *before judgment entered ;* and there the Circuit Court would have decided whether that provision applied to a case situated as this was, (on which we express no opinion) and would have acted accordingly. As the case stood, the plaintiff's right, under the statute, to have the partnership and note, produced and filed with the declaration and affidavit, regarded as admitted, was undeniable. The judgment must be affirmed.

*Judgment affirmed.*

(Decided 16th March, 1887.)