## SUPERIOR COURT OF BALTIMORE CITY.

Filed December 30, 1903.

THE COMMONWEALTH BANK, USE OF JAMES H. PRESTON,
VS.
O. A. KIRKLAND.

*S. S. Field* for plaintiff.
*Wm. S. Bryan, Jr.*, and *Thomas R. Clendenin* for defendant.

PHELPS, J.—

The two sections of the City Charter, 312 and 313, are *in pari materia*, and must be construed together. In order successfully to claim the benefit of this local enactment (commonly called the "short judgment act") in any distinctive particular, the plaintiff must comply with its requirements.

In this case, the cause of action is a guaranty. The "writing" filed with the declaration in attempted compliance with the local law is on its face admittedly imperfect and incomplete. In fact, it is unintelligible, and standing alone would be held void as a contract, for uncertainty both as to subject-matter and parties.

This imperfect paper can easily be made intelligible as the evidence of a contract by reading into it a certain mortgage, therein referred to by sufficient citation. The view was allowed to prevail at the trial that by this reference the paper must be considered as if the mortgage had been in fact embodied as part of its contents. Accordingly, applying the principle upon which was decided the case of Thorne vs. Fox, 67 Md., 67, the defendant was held precluded from disputing the authority of the agent who had appended the defendant's signature, and a verdict was directed for the plaintiff.

Notwithstanding the very able argument in support of the rulings referred to, I am now satisfied, that, although ordinarily correct, they were not in strict accordance with the terms of the local law in question. The paper actually filed is not the "writing by which the defendant is so indebted." That paper, together with another paper not filed, but only referred to, and still another paper, neither filed nor referred to, the assignment to the plaintiff, is the "writing by which the defendant is so indebted." Neither has the plaintiff brought its case squarely within the express terms of the public general law, by distinctly alleging the

execution of the instrument filed. Art. 75, Sec. 23, Sub-sec. 108.

Upon the surface, the point appears narrowly technical, but the estoppel behind it has worked substantial injury. The defendant is being sued as a surety, under a special and summary procedure, and has an unquestionable right to insist upon all the forms of law, in such case made and provided.

The motion for a new trial is granted.