Cramer *vs.* Shriner.

(Decided December 16th, 1861.)

---

# GEORGE CRAMER, *vs.* EDWARD A. SHRINER.

In an action on a promissory note, the defendant, under the plea of set-off, offered in evidence sundry receipts of the plaintiff for *wheat*. The plaintiff then offered in evidence a book of accounts on which there was a settlement, and this receipt by the defendant:—"Received payment of all store, sadler's bill to date, *and all wheat delivered at Linganore and Ceresville Mills to date.*" These mills were carried on by the plaintiff and his father as partners, during the life of the father, and by the plaintiff after his death. The book of accounts was between the defendant and the father, but the defendant had large dealings both with the *firm* and the *plaintiff*, and the *accounts* ran till after the death of the father, with no change in their title, and contained *no items for wheat*, corresponding with those claimed as a set-off. HELD:

That it was competent for the plaintiff to prove *by parol*, that this settlement was a settlement of all accounts between the *plaintiff and defendant*, and also, of all accounts between the defendant and the plaintiff, as administrator of his father, except as to a quantity of grain: such evidence does not contradict or invalidate the settlement as between any of the parties.

Receipts, acknowledging the payment of money, may be explained or contradicted; this is an exception to the rule giving a conclusive effect to written evidence, and was introduced for general security and convenience, and as a protection against fraud.

A witness may testify as to the declarations and admissions of *the parties*, made to each other in his presence, during the course of a settlement, showing that that settlement embraced certain receipts for wheat claimed as a set-off, without the production of a *memorandum used by the parties* in the course of the settlement.

Cramer *vs.* Shriner.

Where a written communication is accompanied by a verbal one to the same effect, the latter may be received as independent evidence, though not to prove the contents of the writing, nor as a substitute for it: facts are sometimes proved by parol, of which there is evidence in writing.

APPEAL from the Circuit Court for Frederick County.

*Assumpsit* brought August 28th, 1856, by the appellee against the appellant, on a promissory note for $2690.08, dated November 6th, 1855, at five months, drawn by the defendant in favor of the plaintiff. Pleas *non-assumpsit* and *set-off*. At the trial two exceptions were taken by the defendant, to the rulings of the court below, (NELSON, J.,) which are fully stated in the opinion of this court. The verdict was in favor of the plaintiff, not allowing all the set-off claimed, and from the judgment thereon, the defendant appealed.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Oliver Miller*, for the appellant.

1st. The ruling in the first exception was erroneous. The book containing the settlement, was a book of accounts between Cornelius Shriner in his life time, and the appellant. It was proposed to prove by *parol*, that the settlement embraced all accounts, not simply between the appellant and the appellee, as administrator of Cornelius Shriner, but also between the appellant and appellee in their *individual rights*. Again, the offer was to prove by parol that this settlement embraced *all accounts* between these parties, whereas, the settlement being in writing, must speak for itself, and clearly embraces only the accounts that existed between the appellant and Cornelius Shriner in his life time. In both these particulars, therefore, it is submitted, the ruling of the court below violates the well settled rule of law, that parol evidence cannot be offered to *explain*, contradict or *add to*, the terms of a written contract or agreement. 2 *Md. Rep.*, 25, *McElderry vs Shipley*. 1 *Greenlf's Ev.*, secs. 277, 281, 305.

2nd. The ruling in the second exception was equally erroneous. The proof was, that at the time of the settlement spoken of by the witness, the appellee produced a memorandum containing *writing or figures*, and that the settlement *was made on the facts contained in that memorandum.* The court ruled that parol evidence was admissible in regard to the amounts and items in this memorandum, without its production or *any proof of its loss.* In this it is submitted, there was a violation of another well settled rule of evidence, viz: that secondary evidence of *any writing* material to the issue between the parties, or to the *credit of the witness,* cannot be offered without first laying the foundation therefor by proof of its loss. 1 *Greenlf's Ev.,* secs. 82, 87, 88, 558. 1 *H. & J.,* 153, *Lowes vs. Holbrook.* 4 *H. & J.,* 54, *Chase vs. Taylor.* 11 *G. & J.,* 247, *Boothe vs. Dorsey.*

*Jos. M. Palmer,* for the appellee.

1st. The parol evidence in the first exception was not offered to contradict or vary the terms of the written receipt, neither had it any such tendency. It was offered to explain the whole transaction in relation to the settlement and to prove a fact not in terms expressed in the receipt, and to show the real intention of the parties at the time of the settlement. It is a well settled principal, however, that parol evidence is admissible to explain or contradict the terms of a receipt, as a receipt is considered an exception to the general rule. 2 *Starkie's Ev.,* 702, 703. 5 *Johns.,* 72, *Tobey vs. Barber.* 2 *Johns.,* 378, *House vs. Low.* 7 *Cowen,* 334, *Southwick vs. Hayden.* 9 *Gill,* 37, *Shepherd vs. Bevin.* 1 *Gill,* 90, *Wolfe vs. Hauver.* 2 *H. & G.,* 114, *Stewart vs. The State.* But even if we admit, for the sake of the argument, that this receipt had reference to the accounts between the appellee and Cornelius Shriner, in his life time, there certainly is no rule of law which would exclude parol evidence to prove that at the same time the appellee and appellant settled their private accounts. It is admitted, as a general rule, that parol evidence is not admissible

to vary or contradict a written instrument, but that was not the object of the parol evidence here. It was offered to prove a fact independent of the receipt; to show the true character and extent of the settlement between the parties. It was clearly admissible, too, upon another ground, viz: that parol evidence is admissible to explain latent ambiguities in written instruments. This principle is well settled, and it applies to this case if it were necessary to invoke its aid to sustain this ruling of the court below. 1 *Greenlf's Ev.*, secs. 277, 285, 287. 1 *Phillip's Ev.*, 531 to 534.

2nd. The ruling in the second exception was also correct. It is an admitted principle, that the best evidence the nature of the case admits of, must be produced by the plaintiff to sustain his action, and by the defendant to defeat it. The rule only excludes that evidence which, itself, indicates that there is better evidence. It is a general rule that the contents of a writing cannot be proved by parol evidence, if the writing itself be in existence and attainable. Parol evidence cannot be substituted for any writing, the existence of which is disputed and which is material either to the issue between the parties or the credit of the witnesses. Whatever is in writing necessary to support the plaintiff's action or the defendant's defence, can only be proved by the writing itself. These rules are to promote the ends of justice and prevent frauds. 1 *Starkie's Ev.*, 436 to 438. 1 *Philip's Ev.*, secs. 82, 83, 86. 2 *Cr. & Jer.*, 368, *Singleton vs. Barrett.* Here the plaintiff did not offer to prove by parol the contents of the memorandum of the wheat delivered, for that had nothing to do with the question involved. He only offered to prove the fact of the settlement, and the terms of it. But it is said we should have given in evidence the memorandum or proved its loss. The memorandum made by the plaintiff himself, and produced by him on the day of the settlement, could not have been given in evidence by him to prove the settlement, which was the material fact in the case. The memorandum did not contain the terms of the settlement and had no sort of application

Cramer *vs.* Shriner.

to the issues in the case, and it was not admissible in evidence for any purpose.

Bowie, C. J., delivered the opinion of this court.

This is an action of *assumpsit*, brought by the appellee against the appellant, on a promissory note dated the 6th of November 1855, for $2690.08, payable, at five months, to the plaintiff. The *nar.* contains two counts, a special count on the note, and an account stated; pleas, *non-assumpsit* and set-off.

The note being admitted, the defendant offered in evidence five receipts, dated severally the 11th, 13th, 16th, 17th and 18th of January 1855, for *wheat* delivered, and a receipt for corn, dated the 4th of March 1855, the aggregate value of which being proved, amounted to $901.15, for which the defendant claimed an allowance as set-off to the note, the execution of said receipts being admitted.

The plaintiff to bar said receipts, proved that Cornelius Shriner owned two flour mills, one called the "Linganore Mills," the other the "Ceresville Mills," that the Linganore mills were carried on by Cornelius Shriner in his life time, and the Ceresville mills were carried on by Cornelius Shriner and the plaintiff, as partners, under the name of E. A. Shriner & Co., until the death of Cornelius Shriner in September 1854, and that the defendant had large dealings with said firm, and that since that time the Ceresville mills were carried on by the plaintiff, Edward A. Shriner, with whom, also, the defendant had large dealings.

The plaintiff further proved by Daniel Titlow, a competent witness, that on the 28th of February 1855, a settlement took place between the plaintiff and defendant, and being asked whether said settlement was in writing, said it was, when parol evidence in relation to it, was objected to by the defendant.

The plaintiff then offered in evidence, the book of accounts between Cornelius Shriner, in his life time, and the defendant, and produced the account of said Cornelius Shriner and defendant, contained in said book, and the *receipt thereon written;*

Cramer *vs.* Shriner.

and proved that the settlement *referred to by him* was that contained in said book, at page 345, leger D.

The accounts commence August 6th, 1853, and continue to March 1855, when a balance is thus struck:

|  | "Dr. | Cr. |
|---|---|---|
| 28th February, | $3140.09 | 1464.00 |
| By cash by check, | | 90.11 |
| By cash per E. A. Shriner, | | 421.31 |
| By his note *a* 30 days, | | 1164.00 |
| | | |
| 1st settled. | | 3140.09 |

March 1855.—Received payment of all store, sadler's bill to date, and all wheat delivered at Linganore and Ceresville Mills to date.     George Cramer."

The account runs five months after the death of Cornelius Shriner, and the books show no change in their title.

The plaintiff then offered to prove that the settlement on page 345, was a settlement of all accounts between the plaintiff and defendant; and also of all accounts between defendant and plaintiff, as administrator of Cornelius Shriner, *except as to a quantity of grain;* to which evidence, the defendant objected, and his objection being overruled, the defendant excepted, which constitutes the first exception.

There is no reference in the receipt to the account under which it is written, except that it specifies "store bill and sadler's bill," which are items of the account. No person being named in the receipt, and no entries of wheat on the account corresponding with those claimed by the defendant as a set-off, there could be no application of the words, "and all wheat delivered at Linganore and Ceresville mills to date," without the admission of parol testimony.

The receipts offered by the defendant would be covered and cancelled by that of Cramer, dated March 1855, if the latter can be shown to apply to the transactions, between the plaintiff and defendant. This was a fact to be ascertained by the jury, from the entries on the ledger, the language of the

receipt, and any parol testimony calculated to explain it The evidence of Mr. Titlow, in this exception, does not contradict or invalidate the settlement as between any of the parties, but rather sustains the accounts, and benefits the defendant, by showing a quantity of grain was not included. "It is a familiar principle that receipts acknowledging the payment of money, may be explained or contradicted. This constitutes an exception to the general rule, giving a conclusive effect to written evidence, and it has been properly said that the exception was introduced for the general security and convenience to protect mankind from fraud." 1 *Gill,* 89 to 91. 1 *Greenleaf Ev., sec.* 305.

2nd Bill of exceptions.—After the evidence offered in the first bill of exceptions, the plaintiff called the witness Titlow, and offered to prove by him, "there had been a settlement on the 28th of February 1855, of all accounts existing between the defendant and Cornelius Shriner in his life time, between the defendant and plaintiff as administrator of said Cornelius, and also of all accounts between the defendant and plaintiff, in his own right. Witness replied there had been such a settlement, that the defendant and plaintiff met at the store on that day, where witness was, and plaintiff asked defendant for a final settlement, and defendant said he had not his *wheat receipts* with him, and did not know the amount of *wheat* which he had delivered at the Ceresville mills. The plaintiff replied, he had a memorandum of the amounts, and produced a piece of paper, containing writing or figures, which he said contained a statement of the several amounts delivered by defendant, at said mills, and the settlement was made on the facts contained in said memorandum." The defendant objected to any parol evidence in regard to the amounts and the items contained in said memorandum, without the production thereof or the proof of loss, but the court overruled the objection and allowed the evidence to go to the jury.

According to our construction of this exception, it presents the single question, whether it was competent for the witness,

Cramer *vs.* Shriner.

Titlow, to testify as to the settlement made between the parties, without the production of the memorandum used by them in the course of the settlement. The memorandum was not at any time in the possession of witness, and although he saw it in the hands of the plaintiff, and that it had figures upon it, he does not appear to have had any knowledge of its contents, except that derived from the statement of the plaintiff to the defendant. His testimony seems to be based entirely upon the declarations of the parties made to each other in his presence during the course of the settlement, and by these declarations alone he proves it to have been a settlement, which embraced the wheat delivered by the defendant to the plaintiff at the Ceresville mills, and for which defendant held receipts. The testimony was not offered to prove the contents of the memorandum, but to prove a settlement for the wheat included in defendant's receipts, and it does not seem to be objectionable, on the ground that it tended to prove the contents of the memorandum as material to the plaintiff's case.

It is difficult to see how the non-production of the memorandum, at the trial, could render the testimony of Titlow, as to the settlement and its subject matter, *derived from the declarations and admissions of the parties to each other,* inadmissible. Assuming that the memorandum would have been evidence of the facts testified to by Titlow, a stronger case than seems to be presented in this exception, a well settled rule of law would still have rendered his testimony admissible. Where a written communication is accompanied by a verbal one, to the same effect the latter may be received as independent evidence, though not to prove the contents of the writing, nor as a substitute for it. 1 *Greenl. Ev., sec.* 90. Facts are sometimes proved by parol of which there is evidence in writing. 3 *Md. Rep.,* 321. Concurring with the court below in its rulings on both exceptions, we affirm the judgment.

*Judgment affirmed.*

(Decided December 20th, 1861.)