GEORGE H. CALVERT, JR. *vs.* BERTHA FRIEBUS.

*Where an offer by a Party to a pending controversy is not
Evidence as an Admission against the Party making it—
Admission of a Particular fact, unless made expressly with-
out Prejudice or with a view to a Compromise, Evidence
against the party making it—Statements and admissions by
a Party to a pending controversy before Arbitrators, Admis-
sible in Evidence as against such party.*

Where there has been an offer by a party, either verbal or in writing, expressly
stated to be made without prejudice, or where from the nature of the offer and
the circumstances under which it was made, it may be reasonably inferred
that the offer was but the expression of a willingness to pay money, allow
credit, deliver property, or do some other thing, by way of compromise, to
buy peace and prevent litigation, such offer is not evidence as an admission
against the party making it; but if the admission of the existence of *a fact*
be made, unless expressly without prejudice, or as a mere concession in
order to induce a compromise, there is no rule of law which would exclude
such admission as against the party making it.

In the case of a pending controversy before arbitrators, where the parties
were contesting their rights as adversely as before any other tribunal, the
statements and admissions made by a party contesting are admissible, and
may be proved by an arbitrator before whom they were made, as by any
other person hearing them.

Where in a controversy pending before arbitrators, one of the arbitrators
made a statement of the account of one of the parties to the controversy,
the items of which she furnished from her book then present, such statement
is admissible in an action between the same parties in reference to the same
disputed matters, to show of what the account consisted and the amount as
then claimed.

APPEAL from the Circuit Court for Prince George's
County.

This suit was brought by the appellee to recover from
the appellant on an open account. At the trial of the

case which was submitted to the Court, (MAGRUDER, J.,) by consent of parties, after the plaintiff had offered evidence in support of the account sued on, the defendant offered to read in evidence the statement referred to in the deposition of George A. Bohrer, which was taken under a commission which had been issued in the case, and the evidence of the said deponent, to the effect that the items of the said statement were given by the plaintiff from the book, and taken down by the said deponent, who had been appointed with William H. Spencer, referees, by the parties to adjust the dispute between them as to said account, and who were then acting as such referees. Upon objection by the plaintiff, the Court rejected this offer and the defendant excepted. Judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, ALVEY and ROBINSON, J.

*C. C. Magruder*, for the appellant.

*N. C. Stephen*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

The plaintiff, by her action in the Court below, sought to recover of the defendant the amount of an open account; but before suit brought the parties had attempted to have their matter in dispute settled by arbitration. The arbitrators were selected, and they heard the statements of the parties but failed to arrive at a conclusion. And the principal question here is, whether the statement of the plaintiff made to the arbitrators, in respect to her account, and the extent and amount of it, was admissible proof on the offer of the defendant, in the trial below, for the purpose of showing that the amount of the account claimed before the arbitrators was less than that claimed on the trial in the Circuit Court?

The offer, as stated in the bill of exception, was of a certain statement of account, referred to as part of the deposition of the witness Bohrer, and his testimony "to the effect that the items of the said statement were given by the plaintiff from her book, and taken down by the witness, while he, and a certain Spencer, were acting as referees to adjust the dispute between the parties in regard to said account."

This offer, thus made, the Court below rejected, and ruled that the statement and declarations or admissions of the plaintiff were inadmissible, because they appeared to be made with a view to a compromise and settlement, and for the additional reason, that such declarations and statement were secondary evidence only of the charges made in the plaintiff's book of accounts.

We think that neither of the grounds upon which the evidence was rejected can be sustained, and that there was error in the ruling of the Court.

1. As to the first proposition, that the declarations and admissions were made with a view to a compromise, and therefore not admissible, it is sufficient to say that the principle invoked does not apply to the case. Where there has been an offer by a party, either verbal or in writing, expressly stated to be made without prejudice, or where from the nature of the offer, and the circumstances under which it was made, it may be reasonably inferred that the offer was but the expression of a willingness to pay money, allow credit, deliver property, or do some other thing, by way of compromise, to buy peace and prevent litigation; such offer is not evidence as an admission against the party making it; it being permitted to parties to make overtures to buy their peace without prejudice to them, if their offers should not be accepted. But there is a clear distinction between such offers, and the admission of particular facts; and if the admission of the existence of a fact be made, unless expressly without prejudice, or as a mere concession

in order to induce a compromise, there is no rule of law which would exclude such admission as against the party making it. *Reynolds vs. Manning, Stimpson & Co.,* 15 *Md.,* 526; 1 *Phill. Ev.,* (*4th Amer. Ed.,*) 427, *note* 124; 1 *Greenl. Ev., sec.* 192.

But the facts embraced in the offer rejected by the Court do not present the case of a proposition to compromise; but the case of a pending controversy before arbitrators, where statements and declarations were made by the parties, and where the latter were contesting their rights as adversely as before any other tribunal. In such case, the statements and admissions made by a party contesting are admissible, and may be proved by an arbitrator before whom they were made, as by any other person hearing them. *Gregory vs. Howard,* 3 *Esp.,* 113; *Slack vs. Buchanan, Peeke's N. P. Cas.,* 5; *Westlake vs. Collard, Bul. N. P.,* 236; *Lloyd vs. Evans,* 3 *C. & P.,* 219; 1 *Phill. Ev.,* (*4th Amer. Ed.,*) 431.

In the case of *Gregory vs. Howard,* just referred to, the plaintiff called a witness who had been an arbitrator, to settle the accounts between the parties; but the defendant objected to the witness speaking as to any communications made to him in the course of the arbitration. This objection was overruled by the Court, and Lord KENYON observed, that the evidence of concessions made for the purpose of settling matters in dispute, he should never admit; but facts admitted before arbitrators, he should always admit, and should therefore allow the arbitrator to be examined, and to speak to such matters of fact as were admitted by the parties before him. And the other cases to which we have referred are equally explicit on this point.

2. Then, as to the statement of the account referred to by the witness, being but secondary evidence, we cannot perceive upon what principle it can be so regarded. The statement of the account was made by the witness at the

time of the attempted arbitration, and the items were furnished by the plaintiff from her book then present. It was the account, according to the statement of the witness, which the plaintiff then claimed to be due from the defendant, and all that she did claim. If this be so, it was an admission of the plaintiff of what the account consisted, and the amount of it. If she had made a copy of her account and handed it to the arbitrators, for the purpose of showing them of what her account was made up, and the amount that she claimed, certainly such copy would be admissible to show the amount, and of what the account consisted, as then claimed; and if such copy would be evidence, why should the statement of the items furnished by the plaintiff, and reduced to writing by one of the arbitrators at the time, be excluded? It is not so much to prove the contents of the plaintiff's account book, as it is to show what was then claimed by the plaintiff, that the statement is admissible. See case of *Cramer vs. Shriner*, 18 *Md.*, 140, 147.

It follows that the judgment must be reversed.

*Judgment reversed, and*
*new trial awarded.*

(Decided 21st February, 1878.)