# THE PRUDENTIAL INSURANCE COMPANY OF AMERICA vs. WILLIAM T. COTTINGHAM, Admr.

*Compromise of Disputed Claim—Acceptance of Smaller Sum in Satisfaction of Larger.*

The amount due by a life insurance company to the beneficiary of a policy depended in this case upon what was the true age of the insured at the time he obtained the insurance. The company claimed that his age was not as stated in the application and the beneficiary was consequently induced to accept a smaller sum than would be payable if the statement as to age was correct and executed a receipt in full of all claims under the policy. *Held*, that the transaction was not a compro-

mise of a disputed claim so as to create an accord and satisfaction; that there was no consideration for the agreement to accept a smaller sum in satisfaction of the claim, and the beneficiary is entitled to recover the balance under the policy upon proof that the age of the insured was correctly stated in the application.

Appeal from the Court of Common Pleas (STOCK-BRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Morris A. Soper*, for the appellant.

*Alonzo L. Miles*, for the appellee.

PAGE, J., delivered the opinion of the Court.

This suit was brought by the appellee to recover upon a policy of insurance on the life of one Charles J. Cottingham issued by the appellant.

The facts as they appear in the record, may be briefly stated as follows:

In the application, made by the terms of the policy a part of the contract of insurance, the insured stated he was born on the 7th August, 1882, that is, was over twenty years old at the time the policy was issued, on the 19th February, 1903. If this were correct the insured's estate at the time of his death on the 19th of July, 1903, was entitled to the full sum of $1,000; but if he was then in fact, under 18 years of age, by the provisions of the contract, it would have been entitled only to the sum of $400.29.

After the death of the insured, letters of administration were taken out by his mother, who presented to the appellant the necessary proofs of loss, in which she represented that the deceased was born the seventh of August, 1885. If this is correct, the insured was under eighteen years of age when his application was made to the company and his estate at his death, is entitled only to the sum of $400. After some discussion between the agent of the company and the adminis-

tratrix, and also after the latter had failed to produce other evidence as to the age of the deceased, "she consented to make settlement of the claim under the said policy, for the sum of $389.99;" and upon receiving a check therefor signed the following paper. "Aug. 4th, 1903. Received from the Prudential Insurance Co. of America $400.29 in full for all claims under the within policy terminated by the death of the insured.                    (Signed) Maggie C. Brandt

Administratrix."

Evidence was offered that the insured was in fact born at the date given by him in his application, and the Court below so found.

Subsequently the mother becoming insane and so continuing, the appellee was appointed administrator *d. b. n.* in her stead, and brought this suit to recover the residue of the sum alleged to be due under the policy, and this appeal is from the judgment of the Court against the appellant.

The appellant having pleaded that the action of the administratrix in executing the receipt as above set forth and that the same was a "full and complete release and discharge, &c.," the appellee in his replication thereto replied, that the administratrix, had made the receipt, without an order of the Orphans' Court to release the defendant, &c.;" to which replication the appellee demurred, and the Court below sustained the demurrer. So that the first question presented by the record is, did the administratrix have power without the order of the Orphans' Court to discharge the appellant, without the authority of the Orphans' Court under the facts and circumstances set forth.

The appellant does not contend that a mere agreement to accept a less sum, than the whole debt is not void for lack of consideration, but insists that here there was a dispute as to the amount of the claim, and that it was competent for the administratrix to agree on a sum to be paid by the company and accepted by her in settlement.

It is well settled that a mere naked receipt for a sum of money, which is less than the amount due could not operate

as a discharge or satisfaction of the judgment. *Snowden* v, *Reid*, 67 Md. 136. But if in addition to the part payment there be some other collateral consideration such as in law is sufficient to support a contract, then the agreement to relinquish the residue is not a *nudum pactum. Booth* v. *Campbell*, 15 Md. 569; *Com. & Farmers Natl. Bank* v. *McCormick*, 97 Md. 703; *Hardey* v. *Coe*, 5 Gill, 189.

Here there seems to be no consideration to support the transaction as a contaact to release. There was a dispute it is true, between the company and the administratrix as to the date of the birth of the insured, and therefore the administratrix agreed to execute the receipt in full, upon the payment of one-half the amount due; but there is nothing else. There is no other consideration passing from the company. Assuming there was then in fact due $1,000, it is a bare agreement to discharge the claim in full upon part payment of about one-half the amount due; with no superadded consideration sufficient to support a contract. The receipt therefore could not be supported as an accord and satisfaction, and must be regarded only as a receipt of a part without discharging the residue.

It was contended by the appellee, that inasmuch as power is given by sec. 256, Art. 93, to the Orphans' Court with consent of both parties to be entered on their proceedings, to arbitrate between a claimant and an executor, &c., that the mode therein designated amounts to a restriction upon the powers of an administrator. But we do not deem it necessary to decide upon this question. The receipt of the administratrix under the assumed facts of this case, contained no adequate consideration for the release of the unpaid balance, could not operate to work a discharge but can be regarded only as a payment on account and therefore the residue is still due, and recoverable by the appellee.

It seems to be clear therefore without further considering the other points raised, that the Court properly sustained the demurrer, and it follows also that the prayers offered by the parties respectively were properly disposed of.

The judgment must therefore be affirmed.  *Affirmed.*

(Decided March 27th, 1906.)