# WIILIAM SCHEFFENACKER *vs.* JOSEPH T. HOOPES.

*Accord and Satisfaction—Use of Check offered in Full Settlement of Disputed Claim—Certification of Check—Harmless Error.*

When there is a controversy between a debtor and creditor as to the amount due by the former, or if the debtor asserts that he is entitled to a recoupment against the sum claimed, then if he sends to the creditor a check for a smaller sum than that demanded, stating that it is in full settlement of the claim, and that if the offer is not accepted, the check is not to be used, the use of such check by the creditor constitutes an accord and satisfaction, by which his entire claim is extinguished, although at the time of receiving it he declares that he does not accept it in full satisfaction, but only in part payment.

If in such case the creditor causes the check to be certified by the bank on which it is drawn, that is such a use of the check as amounts to an acceptance of the debtor's offer, although the creditor had not obtained the money on it up to the time of the trial of his action to recover the full amount of his claim.

The certification of a check by a bank operates to appropriate the funds of the drawer to the amount of the check, which is thereby converted into a certificate of deposit upon which the bank becomes the debtor of the holder.

The defense of accord and satisfaction is available under the general issue plea in assumpsit.

If a demurrer to a plea setting up a special defence to the action is improperly overruled, but the defendant makes the same defense at the trial under his general issue plea, the overruling of the demurrer is a non-reversible error.

*Decided April 1st, 1910.*

Appeal from the Circuit Court for Harford County (VAN BIBBER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Thomas Mackenzie* (with whom were *John S. Young* and *H. Findlay French* on the brief), for the appellant.

*S. A. Williams* and *Fred R. Williams,* for the appellee, submitted the cause on their brief.

URNER, J., delivered the opinion of the Court.

The controlling question on this appeal is whether the evidence in the record is uncontradicted and conclusive in support of the defense of accord and satisfaction so as to justify the withdrawal of the case from the jury.

It appears that the plaintiff below, who is the appellant here, printed a number of catalogues upon the order of the defendant for use in connection with the sale of cattle by the latter at a county fair; and this suit was brought to recover the price of the publication. The declaration was upon the common counts, and the pleas were the general issue, payment, and accord and satisfaction. A demurrer which was interposed to the last mentioned plea and overruled by the Court below will be considered later in this opinion.

Evidence was offered by the plaintiff to show that he printed, under contract with the defendant, one thousand copies of the catalogues, and afterwards, at the defendant's request, printed three hundred · additional copies, with changes and additions made by the defendant; that the plaintiff distributed some of the catalogues by mail under the defendant's instructions, and the remainder were delivered to the defendant and by him accepted and used; that at the time of the sale the plaintiff presented his bill, amounting to $722.40, to the defendant, and requested payment and the

defendant promised to send him a check when he got the money in hand; that on October 24th, 1908, the defendant sent the plaintiff a check, which was offered in evidence, for $361.20 accompanied by a letter as follows:

"I enclose a check for three hundred and sixty-one dollars and twenty cents ($361.20), intended to be in settlement of bill for printing catalogues, which you rendered me under date of October 20th. You know my dissatisfaction with your work. Your failure to do it properly has caused me great damage and injury. I should require you to make my loss good, but I do not wish a controversy, and rather than have one I am enclosing check for ($361.20), one-half of your bill, in full settlement thereof. If you do not care to accept such a compromise, do not use my check, and I will then reserve the right to claim for the damage I have suffered."

It was testified by the plaintiff that this was the first intimation he had that the defendant intended to refuse to pay the bill in full.

The plaintiff replied to the defendant's letter on October 26th, 1908, acknowledging receipt of the check and stating, so far as it is necessary to quote, as follows:

"I am positive that you do not intend to beat me out of the balance of my bill, for you are too honorable for that, and you are laboring under the impression that it was the fault of the first catalogue which kept prospective bidders away. Now you know yourself that if the first catalogue kept bidders away it was on account of not having full information regarding the animals and not on account of the arrangement of the catalogue, for the only difference was the information regarding breeding, etc., and the number of animals. Now, I am sure that leaving off the numbers would not keep people away, but more on account of not having the desired information, which was no fault of mine. Perhaps, too, it was due to getting them out too late, but you know we could not proceed with the work on account of your holding me up with the copy, but after I got the full copy I exerted every means

to get them out and devoted all my time that I could to get them out a minute earlier than promised * * * Why not come to see me, and have a heart to heart talk over the matter? I want to satisfy you, and if you can prove to me that through the omission of the numbers of animals and the paging that you lost money I will gladly compromise on anything reasonable. * * * You surely could not expect me to accept $361.20 for this job after all I did for your sake and then lose money and consequently I am unable to use the check sent until you write me that it is not intended as full payment but only as part payment."

The plaintiff's testimony was further to the effect that he refused to accept the check in full payment; that he sent the check to the bank on which it was drawn, for certification, but the defendant's deposits were not sufficient to cover it until on or about November 5th, 1908, when it was certified and returned to the plaintiff; and that he has not made any other use of the check, but has kept it in his possession.

It was proved by the defendant that he suffered loss and injury in the sale of his cattle by reason of errors and omissions in the first edition of the catalogues, which he did not see until after they had been mailed and distributed by the plaintiff; that he pointed out to the plaintiff the errors and omissions and explained their injurious effect upon the sale and requested that a corrected edition be printed; that this was done and the additional catalogues were delivered on the morning of the sale and just prior to its commencement; that he did not promise to pay the plaintiff's bill when presented, but said he would look into it, and later he wrote the letter and enclosed the check offered in evidence.

There was no further evidence adduced on either side. At the conclusion of the testimony prayers were submitted by both the plaintiff and defendant, but all were refused, and the Court of its own motion, instructed the jury, in effect, that according to the undisputed evidence, the defendant wrote to the plaintiff the letter of October 24th, 1908, and the plaintiff, subsequent to its receipt, caused the check in

question to be presented to and certified by the bank upon which it was drawn, and that this amounted to an acceptance of the check by the plaintiff in satisfaction of his claim, and the verdict should, therefore, be for the defendant.

This instruction was based upon the theory that the act of the plaintiff in causing the check to be certified was an acceptance of the part payment and compromise offered by the defendant in full settlement of the plaintiff's controverted demand, and that as the terms of the offer, the existence of the dispute and the fact of acceptance were uncontradicted and established conclusively an accord and satisfaction, there was no question left for the jury to determine.

The principles applicable to a defense of this character are well settled. In the case of a liquidated claim, such as the present one may be assumed to be for the purposes of this decision, an acceptance of part of the amount in satisfaction of the whole will bar a recovery of the remainder if the settlement is supported by some consideration additional or collateral to the partial payment. *Booth* v. *Campbell*, 15 Md. 575; *Maddox* v. *Beavan,* 39 Md. 504; 1 *Poe,* sec. 654; 1 *Cyc.* 311. "Anything which would be a burden or inconvenience to the one party or a possible benefit to the other" may constitute such a consideration; *Maddux* v. *Beavan, supra;* and the compromise of a disputed claim is a familiar and favored basis for an accord and satisfaction. *Emmitsburg R. R. Co.* v. *Donohue,* 67 Md. 389; note to *Fuller* v. *Kemp,* (N. Y.), 20 L. R. A. 795.

There has been no question raised as to these well recognized principles, but it is urged on behalf of the appellant that the evidence is not uncontradicted as to the circumstances of his acceptance of the defendant's check. It is insisted that in view of the plaintiff's testimony that when he first presented the bill the defendant did not question it but promised to send a check, the existence of a *bona fide* dispute as to the claim should not have been treated as being conclusively established. It is also contended that the certification of the check at the instance of the plaintiff was not

equivalent to an unqualified acceptance of the defendant's offer, especially in view of the statement by the plaintiff, in his letter of October 26th, that he could not use the check until he was advised by the defendant that it was intended only as part payment.

While there is a conflict in the testimony of the plaintiff. and defendant as to what was said by the latter when the bill was first presented, it is evident from the correspondence in the record that at the time the check was tendered there was a substantial and honest dispute between them as to the amount the plaintiff was entitled to recover in view of the defendant's claim of recoupment. The defendant in his letter charged that the plaintiff's failure to do the work properly had caused him great damage. In reply to this the plaintiff expressed his willingness to compromise if the defendant could prove that on account of certain omissions from the catalogue he had sustained any loss. There had undoubtedly been a previous discussion between them on this subject because, while the defendant in his letter mentions no details as to the deficiencies in the work the plaintiff, in his reply, refers particularly to the grounds of the defendant's complaint. We see no contradiction in the evidence, therefore, as to the existence of a *bona fide* dispute over the claim at the time the plaintiff was called upon to decide whether he would accept the check as full settlement upon the basis of the proposed compromise.

The plaintiff's letter shows that he understood thoroughly that he was not at liberty to use the check except in full satisfaction of his demand. He does not question this understanding, but contends that in procuring the certification he has not in fact used the check. This contention cannot be sustained in view of the very important change occasioned by the certification of a check, at the instance of the holder, in the relations of the parties to the instrument. The legal effect of such a certification is that the funds of the drawer are appropriated to the amount of the check and he is released, while the check is converted into a certificate of de-

posit upon which the bank became the debtor of the holder. 5 *Cyc.* 541, and numerous cases there cited; note to *Dille* v. *White,* (Iowa), 10 L. R. A. (N. S.) 536; *Lineweaver* v. *Slagle,* 64 Md. 487; *Code,* Art. 13, sec. 207. The drawer loses control of his funds through the transaction as absolutely as if he had paid to the bank for the use of the holder of the check a corresponding sum in cash, or as if the check had actually been collected. *First National Bank of Jersey City* v. *Leach,* 52 N. Y. 352; *Born* v. *First National Bank,* 123 Ind. 78; *Thompson* v. *Bank of British North America,* 82 N. Y. 6. It cannot, therefore, be held that the certification in this case did not amount to the "use" of the check within the condition imposed by the defendant's offer of compromise.

The plaintiff's expression of dissatisfaction with the defendant's proposal could not qualify the effect of his actual use of the check and appropriation of the defendant's money through its certification, in view of the terms of compromise under which alone it could be used. It was the *use* of the check that determined the question of the acceptance of the offer and not the verbal dissent by which it was accompanied.

In *Ostrander* v. *Scott,* 161 Ill. 339, it was held that a creditor to whom a check is sent, reciting that it is in full payment of a claim, the amount of which is in dispute, cannot receive it, without the assent of the debtor, in part payment only, but his receipt and use of the check will constitute a full satisfaction of the claim. "It was the right of the plaintiff," said the Court, "to accept the check upon the terms proposed, or to reject it; but there could be no modification of the terms by his will alone, without the concurrence of the defendant."

It was held in *Pollman Coal Co.* v. *St. Louis,* 145 Mo. 651, that if one accepts a payment upon the condition that it is to be received in full satisfaction of his claim by way of compromise, his entire claim becomes satisfied, even though he filed a written protest at the time of accepting the amount paid notifying the debtor that he would insist on the balance

claimed.    To the same effect is the case of *Conn. River Lumber Company* v. *Brown,* 68 Vt. 239, the Court holding that where there is an offer of part payment of a controverted claim upon condition that the sum tendered, if accepted at all, must be taken in full satisfaction, the creditor, if he accepts the amount, takes it subject to the condition attached to the offer, and it operates as a satisfaction of his claim, notwithstanding he does not intend it to have that effect and so declares when he receives the money.

In *Fuller* v. *Kemp,* 138 N. Y. 231, it was held that in the case of a conditional compromise offer the acceptance of the amount tendered cancels the claim, and no protest, declaration or denial on the part of the creditor can vary that result.

This principle is clearly stated and numerous cases in its support are collected in 1 *Cyc.* 333.

The cases of *Prudential Ins. Co.* v. *Cottingham,* 103 Md. 319, and *Day* v. *McLea,* 58 L. J. Q. B. 293, relied upon by the appellant, are not at all similar to the one now before us and do not affect the general rule we have found to be applicable to the present situation.    In the *Cottingham Case* there was held to have been no consideration to support the agreement of an administratrix to receive part of the proceeds of a life insurance policy in full discharge of the company's liability, where she had accepted the settlement on the erroneous theory that the age of the insured was not correctly stated in the application; while in *Day* v. *McLea* there was no express condition imposed, in connection with the partial payment, that the acceptance of the amount offered should be in full satisfaction of the claim.

It results from the conclusions we have stated as to the law and evidence in this case that we find the essentials of a complete accord and satisfaction to have been established without contradiction; and we accordingly approve the action of the Court below in directing a verdict for the defendant on that ground.    This renders it unnecessary to consider the prayers offered.    There was a special exception filed by the plaintiff to the Court's instruction.    The same questions

which are presented by this exception have been discused and disposed of in other connections in this opinion, and, in the view we have taken of the case, it was properly over-ruled.

There remains to be noticed the demurrer to the plea of accord and satisfaction. It is only necessary to say in refer-ence to this feature of the case that while the plea may not have been sufficiently full and explicit to gratify the rule laid down in the case of *Emmitsburg R. R. Co.* v. *Donohue, supra,* yet, as the same defense was available under the gen-eral issue plea (1 *Poe,* sec. 607; *Herrick* v. *Swomley,* 56 Md. 439; *Thorne* v. *Fox,* 67 Md. 67) it does not appear that the plaintiff has been prejudiced by the overruling of the demurrer, and the action of the Court below in that regard. therefore, involved no reversible error.

*Judgment affirmed with costs.*