# THE REALTY AND CONSTRUCTION CORPORATION

*vs.*

# TIMOTHY BRESNAN et al., Co-Partners, Trading as Timothy Bresnan & Sons.

*Receipt—Accord and Satisfaction.*

A receipt may be explained or contradicted.                    p. 280

A receipt for a sum smaller than the amount due, with an acknowledgment that it is in full payment, cannot be upheld as an accord and satisfaction, in the absence of some valid consideration other than the partial payment.                    p. 280

*Decided December 2nd, 1920.*

Appeal from the Superior Court of Baltimore City (Soper, C. J.).

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Francis E. Pegram* and *Eldridge Hood Young,* for the appellant.

*William G. Towers,* for the appellee.

Adkins, J., delivered the opinion of the court.

The declaration in this case alleges that on or about May 2nd, 1919, the plaintiffs and the defendant (now appellees and appellant respectively) entered into a verbal agreement whereby the plaintiffs were to furnish to the defendant labor and equipment, such as teams, plows, scoops and tools, requisite to excavate, haul and remove earth from a certain tract of land situate at Guilford, and the defendant to pay the plaintiffs the current prices for labor and teams furnished and used in said excavation, hauling and removing of said earth, and to pay in addition ten per cent. of the cost of the

labor and teams so to be furnished; that the plaintiffs have done and performed all of the things required of them by said agreement, and have made demands on the defendant for the payment of the sum of money due them under the agreement, but the defendant has not paid the same.

General issue pleas were filed and issue joined thereon. The jury rendered a verdict in favor of the plaintiffs and judgment was entered thereon, and the case is now before us on appeal from said judgment.

The single bill of exception is to the refusal of the court to grant the following prayer of the defendant:

The court instructs the jury that there has been offered no evidence legally sufficient to entitle the plaintiffs to recover, and the verdict of the jury must be for the defendant.

The account filed with the declaration contained items running from May 6th to June 6th, 1919, amounting to $1,956.97, on which there were credits amounting to $1,570, leaving a balance of $386.97, to which was added ten per cent. of $1,956.97, the cost of operation, $195.70, making the balance due $582.67, which is the amount of the judgment appealed from.

There was produced by the appellant at the trial a receipted, itemized bill dated June 7th, 1919. This bill contained all the items in the account filed with the declaration down to and including May 30th, 1919.

Omitting here the items, and starting with the total, the receipted bill showed as follows:

"Total amount. . . . . . . . . . . . . . . . . . . . . . . . . .$1,380.90
By check May 24th. . . . . . . . . . . . . . . . . . . . .   500.00
                                                                      _____
                                                                      $880.90
(In pencil)  15%. . . . . . . . . . . . . . . . . . . . . .   207.14
                                                                      _____
                                                                      $1,088.04
Received payment (in pencil) check 6/13. . .   500.00
                                                                      _____

$588.04

(In pencil) Bill June 3rd, Whitelock & Brfld.    52.44
                                              ─────────
                                                $640.48
By check  6/27........................    300.00
                                              ─────────
                                                $340.48

"July 2/19 in full to date:
                    "Timothy Bresnan & Sons,
                        "Timothy Bresnan, Jr."

This balance of $340.48 was settled by a check of appellant for $270, which check when offered in evidence contained the words "in full Guilf," which appellant explained meant in full for the work at Guilford under the agreement sued on. It was testified on behalf of the appellant that these words were on the check at the time it was given; and on behalf of appellees that the check did not contain them when it was received.

There was evidence offered by the appellant that when the above bill was presented there was considerable dispute about its correctness, and that the above check represented a compromise settlement in the nature of an accord and satisfaction of all outstanding matters between the parties; that the manager of appellant had the small item of $52.44, for a bill of June 3rd, for work at Whitelock Street and Brookfield Avenue, added to the bill so as to include all accounts in the settlement, and that there was no work done at Guilford after May 30th. Appellant contends that these facts, together with the words "July 2/19 in full to date" on the bill, and the words "In full Guilf." on the check is conclusive of its contention that there was an accord and satisfaction of all claims.

But on the other hand there is evidence on behalf of appellees that the only dispute about the bill was as to the item of fifteen per cent.; that the manager of appellant objected to this item, saying he had never charged more than ten per

cent.; that when it was explained to him that five per cent.
of this was intended to pay for compensation insurance, the
manager said he would take care of that, and with that
understanding it was agreed that appellees would accept ten
per cent. instead of fifteen; that there was no dispute about
the charges for work; that there was work done on the Guil-
ford job after the first of June, and the reason these items
were not included in the bill of June 7th was because appel-
lees did not present bills for work until after the end of the
month in which the work was done; that the words "In full
Guilford" were not on the check when it was received, nor
were the words "July 2nd" on the receipt when it was signed
and delivered to appellant; that the item of June 3rd, of
$52.44 was for a bill which had been previously rendered
for another job which had been completed, and this item was
added to the bill by appellant's stenographer; that the check
for $270 was for the balance of the bill of June 7th, less five
per cent. on the cost of the work, which appellees conceded
after Mr. Silberstein, manager of appellant, agreed to as-
sume the compensation risks. One of the appellees testified:
"I said to Mr. Silberstein, as long as he would pay the com-
pensation it was agreeable to me to accept the check *for that
month's work.*" "I didn't settle for any other work but that
month's work; no other work was on the bill." This witness
further testified that "for any work that runs through the
month we mail our bills the 2nd and 3rd of the following
month for that work done." Silberstein was asked: "We
claim that you owed us for work done in June five or six
days and you claim we did no work in June; that is our only
dispute?" Answer: "Correct."

From the above it will be seen that there was evidence in
the case from which the jury could find: *First,* that there
was work done in June on the Guilford job; *second,* that the
only dispute at the time of the settlement of the bill dated
June 7th, 1919, was about the commissions, and that the
adjustment of this did not involve any compromise; *third,*

that the check for $270 when given did not contain the words "In full Guilf."; *fourth,* that the date "July 2/19" was not on the bill of June 7th/19 when it was receipted; *fifth,* that this receipt was intended to cover only the items in that bill and was not meant as an accord and satisfaction of all accounts.

That a receipt may be explained or contradicted is too well established to need the citation of authority. But see *Wolfe v. Hauwer,* 1 Gill, 84; *Shepherd v. Bevin,* 9 Gill, 32; *Homer v. Grosholz,* 38 Md. 520; *Cramer v. Shriner,* 18 Md. 140.

On the testimony of appellees, which must be taken as true for the purposes of this exception, the receipt relied on could not be held to be an accord and satisfaction, as is contended by appellant. To so hold would be to decide that the receipt of a smaller sum than the amount due with an acknowledgment that it was in full payment would discharge the obligation. This would not be true, even if such acknowledgment were in the form of an agreement, in the absence of some valid consideration other than the partial payment. *Prudential Insurance Co. v. Cottingham,* 103 Md. 319.

According to the testimony of appellees, the payment in this case was not the result of the acceptance by the appellees of a conditional compromise offer. There was simply a re-adjustment as to one item, and the items now in dispute were not under consideration at all at that time. The facts in this case are entirely different from those in *Scheffenacker v. Hoopes,* 113 Md. 111, cited by appellant.

As the only exception was to the refusal of the trial court to grant appellant's prayer for an instructed verdict, the judgment must be affirmed.

*Judgment affirmed, with costs to appellees.*