525 A.2d 248

**BARRY PROPERTIES, INC.**

v.

**BLANTON & McCLEARY.**

No. 1368, Sept. Term, 1986.

Court of Special Appeals of Maryland.

May 8, 1987.
Certiorari Denied Sept. 9, 1987.

Cornelius J. Carmody, Baltimore, for appellant.

Kevin M. McGeady (Blanton & McCleary, on the brief), Towson, for appellee.

Argued before BLOOM and ROBERT M. BELL, JJ., and JOSEPH I. PINES, Associate Judge of the Eighth Judicial Circuit, Specially Assigned.

ROBERT M. BELL, Judge.

Blanton and McCleary, appellee, former legal counsel to Barry Properties, Inc., appellant, obtained a judgment by confession against appellant in the Circuit Court for Baltimore City. The judgment, in the amount of $31,384.91, with interest, for past due legal fees for legal services performed on behalf of appellant, was recorded in the Circuit Court for Baltimore County.

After the confessed judgment had been entered against it, appellant sought protection pursuant to Chapter 11 of the United States Bankruptcy Code. Appellee filed claims as both a judgment creditor and as an unsecured creditor in those proceedings. It also proposed a plan of reorganization,[1] as did appellant. Appellant's proposed plan of reorganization would have offered appellee and appellant's other creditors 15 percent of their claims in cash, the balance to be paid over four years only from future profits. While the various plans of reorganization were pending, Benjamin L. Goldstein, appellant's president, and appellee entered into an agreement as follows:

> Ben Goldstein will deliver to Edward L. Blanton, Jr. a promissory note in the principal amount of $15,000.00 payable in nine (9) monthly installments of $1666.67 commencing August 30, 1985. In return, Blanton agrees that payment of the aforementioned note in full shall constitute payment in full of all claims of Edward L. Blanton and Blanton and McCleary against Barry Properties, Inc. and that any amount received by Blanton or Blanton and

---

**1.** The record does not disclose the details of appellee's plan of reorganization.

McCleary over and above such $15,000.00 shall be paid over to Benjamin L. Goldstein upon receipt.

[Signed] Edward Blanton, Jr. 7/24/85

Shortly thereafter, appellant moved to dismiss the bankruptcy proceedings, which motion was granted in November, 1985.

Goldstein made payments pursuant to the agreement. Three such payments, in the agreed amount, were made in August, September, and October 1985. No payment was made in November, however, the fourth payment was made on December 30, 1985. Two additional payments were made in January and another in February 1986. These seven payments were made by check, each of which was negotiated by appellee. The final two payments were made on March 28, 1986 and April 29, 1986. Each of these checks contained a restrictive endorsement, the one on March 28, 1986 stating "Payment in full as per agreement dtd 7/24/85" and the one on April 29, being endorsed "Final payment per agreement Barry Properties and Benjamin L. Goldstein". The latter two checks were neither negotiated by appellee nor returned to appellant.

Appellee filed on December 1985 in the Circuit Court for Baltimore County, a request for writ of execution to enforce its confessed judgment and the sheriff levied on real property owned by appellant on December 30, 1985. Appellant moved, on March 7, 1986, to enforce settlement, alleging that the handwritten agreement between Goldstein and appellee was a compromise agreement of the recorded confessed judgment. Thereafter, on April 2, 1986 it moved to release property from levy. Following a hearing on April 7, 1986, the Circuit Court transferred the lien of judgment from the real property levied upon to monies held in escrow. This action was necessitated by the fact that, despite the levy on the real property, appellant conveyed the real property to a third party and placed $35,000.00 in escrow as security for appellee's judgment.

In its Memorandum Opinion and Order, having observed:

Defendant asserts that the handwritten document constitutes an agreement whereby Plaintiff, Blanton & McCleary, agreed to accept $15,000.00 secured by a promissory note to be paid in nine monthly installments as payment in full of all claims against Barry Properties, Inc., namely the confessed judgment note for $31,384.91 thereby rendering Plaintiff's claim to the escrowed monies unenforceable. Plaintiff argues that this agreement did not relate to the confessed judgment note at issue herein, but rather to a promise made by Plaintiff to discontinue efforts to have the Plaintiff's plan of reorganization for Barry Properties, Inc. approved. In addition Plaintiff argues that Defendant's Motion to Enforce Settlement constitutes an invalid collateral attack upon the judgment itself, and further, that the agreement alleged by the Defendant is not a valid contract due to lack of consideration,

the court concluded

This court agrees with Plaintiff and holds that the issues raised pertaining to the July 24, 1986 agreement should more appropriately be resolved in a separate contract action. The document alleged by the Defendant does not specifically reference the confessed judgment recorded in this Court nor does it evidence any new or altered consideration given by Barry Properties, Inc. in exchange for Blanton's acceptance of a lesser amount. An accord agreement, which is an offer of a smaller amount than the amount due under an existing obligation in satisfaction of the claim, must be supported by consideration. A claim which is liquidated and undisputed is not discharged by acceptance of a lesser sum. *Air Power, Inc. v. Omega Equipment Corp.*, 54 Md.App. 534 [459 A.2d 1120] (1983). Furthermore if the document is deemed to be a valid contract, there are facts to be pled and proven including identification of the agreement as either an accord or a substituted contract; whether the claim was liquidated or unliquidated; a possible breach thereof; which party was the breaching party; and damages. If, as Plaintiff ar-

gues, Barry Properties, Inc. materially breached by tendering several payments late, then Plaintiff would be able to sue on the original contract, *i.e.,* the recorded judgment. If, however, the Plaintiff Blanton & McCleary breached the contract by filing their Writ of Execution, Defendant may wait until it is damaged and then bring an action at law for damages for breach of the accord contract. In light of the fact that the aforementioned contract issues remain, this Court holds that Defendant's attempt to raise the alleged accord agreement as a defense is improper and should be pled and proven in a separate contract action.

The court denied appellant's motion to enforce settlement and ordered the funds in escrow to be released, "less the amount paid pursuant to the settlement agreement." [2]

▆▆▆ Appellant has appealed from the judgment thus entered, alleging:

1. In the interest of judicial economy, an issue which can be identified in all material respects to the case at bar, should not be dismissed and ordered to be tried in a separate action.

2. A Motion to Enforce Settlement Agreement is not an invalid collateral attack on the judgment by confession.

We perceive the issue presented to the lower court to have been whether the agreement between Goldstein and appellee effected an accord and satisfaction of appellee's judgment against appellant. On appeal, we must decide whether that issue was properly presented to the court for

---

**2.** After appellant's appeal had been filed, the court filed a Supplemental Memorandum and Order, in which it ruled:

In light of the fact that there are different settlement agreements alleged by each party, neither of which specifically references the instant confessed judgment of $31,384.91 and that there is vast disagreement as to the amount of money due Plaintiffs, the court, after further consideration, has determined that there will be no reduction in the amount owed pursuant to the confessed judgment. Any monies paid by Defendant to Plaintiff will have to be specifically pled and proven in a separate contract action.

resolution in the execution proceedings and, further, whether the trial court should have resolved it. We hold that it should have.

Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the "accord" being the agreement, and the "satisfaction" its execution or performance.

*Jacobs v. Atlantco Ltd. Partnership,* 36 Md.App. 335, 340–41, 373 A.2d 1255 (1977), quoting 1 C.J.S. Accord and Satisfaction, § 1. Although an undisputed and liquidated claim is not discharged by the acceptance of a lesser sum tendered in full settlement, *Mayor and City Council v. Allied Contractors,* 236 Md. 534, 547, 204 A.2d 546 (1964); *Eastover Company v. All Metal Fabricators,* 221 Md. 428, 433, 158 A.2d 89 (1960), where the settlement is supported by consideration and additional collateral to the partial payment, the acceptance of the lesser sum will fully discharge the debt. *Prudential Ins. Co. v. Cottingham,* 103 Md. 319, 321–22, 63 A. 359 (1906). " 'Anything which would be a burden or inconvenience to the one party or a possible benefit to the other' may constitute such [collateral and additional] consideration...." *Scheffenacker v. Hoopes,* 113 Md. 111, 115, 77 A. 130 (1910). Even a judgment, which is an undisputed liquidated claim, may be settled by means of an accord and satisfaction. *Air Power v. Omega Equipment Corporation,* 54 Md.App. 534, 538–39, 459 A.2d 1120 (1983).

Appellant alleged in its motion that the July 24 agreement, with which there was substantial compliance, effected a compromise of appellee's confessed judgment. That was tantamount to an allegation that the parties had effected an accord and satisfaction and, hence, that the judgment had been satisfied. Of course, the mere allegation that there had been an accord and satisfaction of the judgment is not enough; that fact must be proven. The question thus became whether proof of accord and satisfaction, *i.e.* that

the judgment had been satisfied, could appropriately have been presented in the execution proceedings.

The case of *Air Power v. Omega Equipment Corporation, supra,* is instructive. There, Air Power obtained a judgment by confession against Omega Equipment Corporation (Omega) and caused items of Omega's personal property in Maryland and Virginia to be attached. Before any of the property was sold, Omega delivered to Air Power's attorney, a cashier's check in an amount less than the amount of the judgment, but purporting to be "paid in full in settlement of all claims between Air Power and Omega". The difference between the amount of the judgment and the amount tendered by the cashier's check represented, in Omega's view, "valid charges to and contracted by Air Power," for which Air Power had not given it credit as agreed. Having obliterated the restrictive endorsement, Air Power negotiated the cashier's check and then demanded, under threat of sale of the attached property, that Omega pay the balance due on the judgment. In response, Omega filed in the confessed judgment case, an affidavit and a motion for an ex parte injunction to restrain the sale or other disposition of its attached property and moved "for an order directing Air Power to show cause why a satisfaction of its judgment against Omega should not be entered." 54 Md.App. at 536, 459 A.2d 1120. The matter proceeded upon the show cause order and was submitted to, and decided by, the court upon the pleadings and affidavits.

According to the pleadings and affidavits:

... Omega had difficulty in paying its note to Air Power and the parties agreed that Omega would do certain work for Air Power on a particular job (which they refer to as the L Street job) with the payment for that work to be applied to the cognovit note indebtedness. Omega's claim (as per its letter and invoice attached to the cashier's check) was that, pursuant to this agreement, it had supplied equipment for the L Street job and was thus entitled to a setoff against the confessed judgment debt. Air Power disputed Omega's claim, asserting that there was

no merit to that claim; that its agreement with Omega for the L Street job was for demolition work at a fixed price, which Omega failed to complete, and not for equipment rental; that Omega's equipment at the L Street job site was not the equipment designated on Omega's invoice and was on the site for only half the time Omega was charging in the invoice; and that it owed nothing to Omega for the L Street job.

54 Md.App. at 537, 459 A.2d 1120.

There was thus significant conflict between the claims of the parties. The trial judge found that an actual dispute existed between the parties, which was known to both parties at the time partial payment was tendered in full satisfaction of the dispute and, further, that Air Power's acceptance [3] of the partial payment operated as an accord and satisfaction. He thus ordered the judgment against Omega marked "Paid and satisfied in full." We affirmed, finding that the trial judge's findings were not clearly erroneous.

The facts *sub judice* are quite analogous. As in *Air Power,* appellant is the judgment debtor under a judgment by confession, whose property has been levied upon in execution of that judgment. Like Omega, appellant sought to prevent execution on its property; by alleging that the judgment had been compromised pursuant to an agreement postdating the judgment,[4] it sought a determination by the court that the judgment against it had been satisfied. Both sought to have the issue of the satisfaction of the judgment determined within the context of an existing case: in *Air Power,* in the case out of which the judgment by confession

---

**3.** The trial judge found that despite its obliteration of the restrictive endorsement, Air Power's deposit of Omega's check "knowing that it had been tendered in full satisfaction of all claims, was an acceptance of the settlement, constituting an accord and satisfaction...."

**4.** It must be conceded that the nine payments required under the July 24 agreement had not been made when appellant filed its Motion to Enforce Settlement; however, they had been made prior to the trial of the case.

emanated, and, in this case, in the execution proceedings themselves. Here, as in *Air Power*, there is no dispute that the parties, subsequent to the entry of judgment against the judgment debtor entered into an agreement, but there is major disagreement as to: whether that agreement related to the judgment; the extent to which it was performed; and the effect of any performance upon the continued viability of the judgment.

It is significant, then, to focus upon what the trial court in *Air Power* addressed and resolved. Neither the forum in which the proceedings were brought, nor the vehicle chosen, was at issue. Rather, the court addressed the question whether the agreement of the parties, reached subsequent to the entry of the judgment and their performance of that agreement, constituted an accord and satisfaction and, consequently, the satisfaction of the judgment. The resolution of this issue necessarily required the court to resolve major conflicts between the parties concerning their subsequent agreement and the effect of its performance on the judgment. In this regard, the court determined that there was consideration additional or collateral to the partial payment made by Omega; that there was an honest dispute between the parties and that Air Power accepted the payment. In short, the proceeding in the confessed judgment case, on the bottom line, resulted in Omega obtaining a determination that the judgment against it had been satisfied, which, in turn, nullified the attachment of its property.

We view *Air Power* as an example of how a judgment debtor may, in the context of an execution proceeding, obtain a determination as to the continued vitality of a judgment which he believes has been satisfied. Moreover, we think that the procedure followed there should have been employed here.

This approach is consistent with the Maryland Rules of Procedure, which contain mechanisms whereby a judgment debtor, by motion, may obtain court review and resolution of the issue whether the judgment against him has been satisfied. Maryland Rule 2–643, for example, permits the

judgment debtor to obtain that determination in the context of a motion for release of property from levy. It provides, in pertinent part.

(a) *Upon Satisfaction of Judgment.*—Property is released from a levy when the judgment has been entered as satisfied and the costs of the enforcement proceedings have been paid.

\* \* \* \* \* \*

(c) *Upon Motion of Judgment Debtor.*—Upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds that (1) the judgment has been vacated, has expired, or *has been satisfied*, (2) the property is exempt from levy, (3) the judgment creditor has failed to comply with these rules or an order of court regarding the enforcement proceedings, (4) property sufficient in value to satisfy the judgment and enforcement costs will remain under the levy after the release, (5) a levy upon the specific property will cause undue hardship to the judgment debtor and the judgment debtor has delivered to the sheriff or made available for levy alternative property sufficient in value to satisfy the judgment and enforcement costs, or (6) the levy has existed for 120 days without sale of the property, unless the court for good cause extends the time.

\* \* \* \* \* \*

(f) *Hearing.*—A party desiring a hearing on a motion filed pursuant to this Rule shall so request pursuant to Rule 2–311(f) and, if requested, a hearing shall be held promptly.[5] (emphasis added)

Maryland Rule 2–626, Satisfaction of Judgment, provides:

(a) *Entry Upon Notice.*—Upon being paid all amounts due on a money judgment, the judgment creditor shall

---

**5.** Maryland Rule 2–311(f) provides:

(f) *Hearing—Other Motions.*—A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, 2–533, 2–534, shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a

furnish to the judgment debtor and file with the clerk a written statement that the judgment has been satisfied. Upon the filing of the statement the clerk shall enter the judgment satisfied.

(b) *Entry Upon Motion.*—If the judgment creditor fails to comply with section (a) of this Rule, the judgment debtor may file a motion for an order declaring that the judgment has been satisfied. The motion shall be served on the judgment creditor in the manner provided in Rule 2–121. If the court is satisfied from an affidavit filed by the judgment debtor that despite reasonable efforts the judgment creditor cannot be served or the whereabouts of the judgment creditor cannot be determined, the court shall provide for notice to the judgment creditor in accordance with Rule 2–122.

(c) *Costs and Expenses.*—If the court enters an order of satisfaction, it shall order the judgment creditor to pay to the judgment debtor the costs and expenses incurred in obtaining the order, including the reasonable attorney's fees, unless the court finds that the judgment creditor had a justifiable reason for not complying with the requirements set forth in section (a). If the motion for an order of satisfaction is denied, the court may award costs and expenses, including reasonable attorney's fees under Rule 1–341.

■ Neither Maryland Rule 2–643 nor 2–626 explicitly addresses the question of the court in which the motion is to be filed or the procedure to be followed once the motion has been filed. Implicit in each rule, however, is the notion that the motion must be filed in the court in which proceedings to enforce judgment are pending or in the court in which the judgment was entered. Moreover, also implicit in both rules is the requirement that, when the motion has been

hearing, the court shall determine in each case whether a hearing will be held, but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

filed, the court in which it is filed will resolve the issue presented by the motion. Neither rule, implicitly or explicitly, requires the filing of "pleadings" within the definition of Maryland Rule 1–202(r) as a predicate for the filing of the motion permitted by the rules.

■ We hold that the trial court erred by requiring appellant to proceed by way of a separate contract action, thus, refusing to consider appellant's motion for what it really was. We note in this regard that the facts identified by the court as necessary to be pled and proven in the separate contract action are the very facts which would determine if the judgment upon which execution was proceeding had been satisfied.[6] Consequently, the court's judgment encourages, rather than discourages, a multiplicity of ligitation involving the same parties and, arguably, the same subject matter.

■ One final observation is in order: appellant's motion does not constitute a prohibited collateral attack on the judgment. A collateral attack on a judgment is "an attempt to impeach the judgment by matters dehors the record ... to avoid, defeat, or evade it or deny its force and effect, in some incidental proceeding not provided by law for the purpose of attacking it." *Klein v. Whitehead*, 40 Md.App. 1, 20–21, 389 A.2d 374 (1978). *See Board v. Baden Volunteer Fire Dept.*, 257 Md. 666, 670–71, 264 A.2d 844 (1970). The validity of the confessed judgment has never been assailed in those proceedings. Appellant merely seeks to have it declared satisfied. The proceedings, therefore, are in recognition of the judgment. *See Rehm v. Fishman*, 395 S.W.2d 251, 256 (Mo.1965).

---

**6.** We do not venture any opinion as to the merits of any decision which may be rendered on the facts or upon the question whether an accord and satisfaction could be proven. We do observe, however, that the agreement at issue appears to be between Goldstein, individually, as opposed to in his capacity as President of appellant, and appellee.

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.